**In re Seena PHILLIPS, Debtor.**

**No. 03–56280–659.**

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

March 2, 2004.

Jan Hemm Pritchard, Missouri Department of Revenue, General Counsel's Office, St. Louis, MO, for creditor.

Ross H. Briggs, Briggs Law Center, St. Louis, MO, for debtor.

### FINDINGS AND CONCLUSIONS

KATHY ANN SURRATT–STATES, Bankruptcy Judge.

The matter before the Court is the Trustee's Motion for Sanctions Pursuant to Rule 9011 and Response to Trustee's Motion for Sanctions filed by Ross Briggs. The hearing was held on this matter on February 19, 2004. There was testimony by Debtor, Seena Phillips (hereinafter "Debtor") and Attorney, Ross Briggs (hereinafter "Mr. Briggs"). At the conclu-

sion of the hearing, the Court continued this matter to February 24, 2004 for oral findings and conclusions. The Court, having considered the record as a whole makes the following FINDINGS AND CONCLUSIONS:

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2004), and Local Rule 81–9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (2004). Venue is proper under 29 U.S.C. § 1409(a) (2004).

Case Number 03–54061, was filed by Debtor on October 20, 2003, with Leon Sutton as attorney for Debtor with an address at Critique Legal Services (hereinafter the "First Case"). The First Case was dismissed on November 5, 2003, for failure to file a Chapter 13 Plan, Summary of Chapter 13 Plan, Attorney Compensation and Disclosure Under 2016(b), and Attorney Fee Election Form. After dismissal of the First Case, Debtor made numerous telephone calls to Critique Legal Services, where Debtor spoke only to a receptionist and never spoke to an attorney or Beverly Homes. During these calls to a receptionist at Critique Legal Services, Debtor mentioned a possible foreclosure proceeding against her home; however, Debtor did not request that Critique Legal Service have one of its attorneys re-file her case. Debtor did ask for her money back while speaking with a receptionist at Critique Legal Services. There was a foreclosure sale scheduled regarding Debtor's real estate on November 20, 2003.

On December 5, 2003, Ross Briggs filed a Chapter 13 Petition for Debtor in the present case, Case Number 03–56289 (hereinafter the "Second Case"). Prior to filing the Second Case, Mr. Briggs neither spoke with nor met with Debtor personally. Mr. Briggs explained that he filed the Second Case based on the dismissal of the First Case, which was brought to his attention by staff at Critique Legal Services. The staff also indicated that there was a foreclosure sale pending regarding Debtor's real estate. Mr. Briggs went on to explain that he reviewed the file at Critique Legal Services for Debtor and saw a signed Voluntary Petition and Plan dated October 2003, which he interpreted to be the required documents for filing the Second Case. Actually, the signed Voluntary Petition and Plan were signed by Debtor for filing of the First Case. Mr. Briggs never saw Debtor sign the Voluntary Petition and never met with Debtor prior to filing the Second Case. Debtor did not authorize Mr. Briggs to file the Second Case. There is no original Voluntary Petition bearing Debtor's original signature for the Second Case. Mr. Briggs stipulated to this fact and the testimony of Debtor bore this fact.

Debtor testified that a foreclosure sale was scheduled regarding her real estate for December 30, 2003. On December 29, 2003, Debtor filed Case Number 03–57223, with Elbert Walton as attorney for Debtor (hereinafter the "Third Case"). Debtor contacted Mr. Walton after dismissal of the First Case. Debtor authorized Mr. Walton to file the Third Case.

Mr. Briggs states in his Response to Trustee's Motion for Sanctions at paragraph 3 that, "Critique Services agreed with Debtor to re-file her case with no additional up front charges to Debtor." [1] Debtor's sworn testimony proves that this is a false statement. Mr. Briggs also stated at the hearing that the Second Case was filed although no additional attorney fees were paid by Debtor. This fact is in

---

1. Briggs Response ¶ 3.

direct contradiction with the Disclosure of Compensation of Attorney for Debtor filed in the Second Case, which states that prior to the filing of this statement Mr. Briggs received $99.00 from Debtor.

■ The Case Management/Electronic Case Filing Administrative Procedures (hereinafter the "Administrative Procedures") for the United States Bankruptcy Court for the Eastern District of Missouri at Section IV provides the requirements for signatures under electronic filing. The Administrative Procedures state in paragraph B that, "[t]he filer must retain original documents bearing other signatures (e.g. debtor's etc.) as required in paragraph C." At paragraph C, it states that original documents bearing signatures must be maintained by the filer "for two (2) years after the closing of the case unless the Court orders a different period." Paragraph C also states that, "[o]n request of the Court or when the signature is at issue, the filer must provide original documents for review." There is no Voluntary Petition signed by Debtor in the Second Case.

Rule 9011 of the Federal Rules of Bankruptcy Procedure provides in part that in presenting a petition or pleading to the Court "an attorney...is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances...(3) the allegations and other factual contentions have evidentiary support." Thus, Mr. Briggs has violated this Court's Administrative Procedures and Rule 9011 of the Federal Rules of Bankruptcy Procedure.

■ Mr. Briggs argues that his actions are justified because Debtor received benefit from his filing of the Second Case. Debtor cannot receive a benefit from something that she is not aware of and on December 5, 2003, Debtor had no knowledge of the filing of the Second Case. The foreclosure sale scheduled for November 20, 2003, was obviously cancelled before the Second Case was filed on December 5, 2003. On December 29, 2003, the date the Third Case was filed, Debtor was unaware that the Second Case was pending. Thus, Debtor received no benefit from the filing of the Second Case. Assuming arguendo that Debtor received a benefit from the Second Case filing, such benefit fails to justify the actions taken by Mr. Briggs.

■ Mr. Briggs argues that he filed the petition in the Second Case without Debtor's signature because he sought to protect Debtor from a potential foreclosure sale scheduled for a date uncertain. Mr. Briggs also argues that he sought to avoid perceived bar complaints and/or malpractice claims that may be lodged against him if the Second Case was not filed. The Court in the Eastern District of Virginia found that an electronic filing of a petition in which a debtor failed to sign is never justified even if the petition was filed to halt a pending foreclosure sale later in the afternoon of the same day. *In re Wenk*, 296 B.R. 719, 728 (Bankr.E.D.Va.2002). Likewise, it cannot be said that the circumstances in the case at bar justify the actions of Mr. Briggs. Consequently, this Court adopts the conclusion reached in *Wenk* and holds that there are no circumstances, including an urgent foreclosure sale, which justifies an attorney's filing of a petition without a debtor's signature.

■ The Local Rules and Administrative Procedures for the Bankruptcy Court for the Eastern District of Missouri and the Federal Bankruptcy Rules require a debtor's signature on the Voluntary Petition. Attorneys have a duty to advise their clients of this requirement and to take necessary steps to help their clients comply. Attorneys should never waive this

requirement under the assumption that the facts of a particular situation warrant such a waiver. This requirement is absolute and there are no situations in which it shall be waived. The rules, both locally and on the federal level, do not allow for such waivers regardless of the situation.

■ A review of the purpose of requiring a debtor's signature on a Voluntary Petition is necessary. Not only must a debtor declare that the information contained in the petition is true and correct, but a debtor must also consent to the bankruptcy filing and the relief requested in the petition. This is a very personal action that can only be taken by a debtor. A debtor's signature is an indication of this action, and the importance of this requirement cannot be mistaken.

■ When filing a petition electronically, an attorney is representing to the Court that he has in his possession an original petition that has been signed by a debtor prior to the electronic filing. The Court in *Wenk*, 296 B.R. at 725, stated:

> [w]hen the petition was received, the court was presented with a document which stated on its face that debtor had signed it, under penalty of perjury, when it was not true. This amounts to fraud. The court must consider that [the attorney's] action of filing a petition electronically purporting to have debtor's signature is no different than [the attorney] physically forging debtor's signature and handing the petition over the counter to the clerk.

Mr. Briggs filed a document for which he does not have the original signature of Debtor. This is in violation of the Court's Administrative Procedures and the Federal Rules of Bankruptcy Procedure. Mr. Briggs filed a petition for a debtor that he did not meet with prior filing her case. Mr. Briggs's actions also constitutes a violation of *In re Clark*, 223 F.3d 859 (8th Cir.2000), in which the Eighth Circuit held that an attorney is required to meet with his client before filing a bankruptcy case for the client. Mr. Briggs also filed a false Disclosure of Compensation for Attorney for Debtor that indicates he received $99.00 from Debtor before filing the Second Case.

■ By separate Order sanctions will be entered against Mr. Briggs as follows:

1. Mr. Briggs shall file a written accounting with the Court, with copies to the Chapter 13 Trustee, United States Trustee and Debtor, indicating the dates and amounts of monies Debtor paid to Mr. Briggs, Mr. Sutton, Critique Legal Services and/or any other attorney or person affiliated with Critique Legal Services for any bankruptcy services related to this case or any previous case, within seven (7) days; and

2. Mr. Briggs shall return all funds listed in the written accounting described above, within fourteen (14) days to Debtor by certified funds; and

3. Mr. Briggs shall pay a fine of $750.00 into the Court within fourteen (14) days; and

4. Mr. Briggs shall pay to the Chapter 13 Trustee his attorney's fees in the amount of $300 for bringing the motion within fourteen (14) days; and

5. A copy of these Findings and Conclusions will be forwarded to the Office of the Chief Disciplinary Counsel to consider if any action should be taken; and

6. A copy of these Findings and Conclusions will be forwarded to the Office of the United States Attorney for the Eastern District of Missouri

to determine if any action should be taken.