# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 04-6025EM

_____

| | | |
|---|---|---|
| In re: Seena Y. Phillips, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Ross H. Briggs, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| John V. LaBarge, Jr., | * | Bankruptcy Court for the |
| | * | Eastern District of Missouri |
| Trustee-Appellee. | * | |

_____

Submitted: September 29, 2004
Filed: November 24, 2004

_____

Before KRESSEL, Chief Judge, MAHONEY and VENTERS, Bankruptcy Judges.

_____

KRESSEL, Chief Judge.

Ross Briggs appeals from the order of the bankruptcy court[1] granting the trustee's motion for sanctions against him pursuant to Fed. R. Bankr. P. 9011. The

_____

[1] The Honorable Kathy A. Surratt-States, United States Bankruptcy Judge for the Eastern District of Missouri.

parties argue about numerous issues, but we consider the principle issue in this appeal to be whether Briggs violated Rule 9011 when he filed a voluntary petition for the debtor without her signature. We conclude that he did and hold the bankruptcy court did not abuse its discretion in sanctioning him. Therefore, we affirm.

## BACKGROUND

The controversy in this case involves the second of three Chapter 13 filings for the debtor. The debtor filed her first Chapter 13 petition on October 20, 2003 with her attorney, Leon Sutton of Critique Legal Services. The bankruptcy court dismissed the first case on November 5, 2003 for Sutton's failure to file a plan. The debtor claims she received no notification of the dismissal, but learned about it on her own. Despite numerous telephone calls to Critique to inquire about the status of the case, the debtor was unable to speak to an attorney. The debtor told Critique's receptionist she was concerned about a possible foreclosure on her home and a repossession of her automobile. The debtor never asked Critique to file a new petition for her. A foreclosure sale was scheduled for November 20, 2003, but was later rescheduled to December 30, 2003.

On December 5, 2003, Briggs, another attorney at Critique, electronically filed a second Chapter 13 petition for the debtor. The debtor did not sign the petition, did not give Briggs permission to file a second petition, and, in fact, had never even spoken to Briggs. After receiving the debtor's file with the signed, voluntary petition from the first case, Briggs decided that this document was sufficient authorization for a second case filing. Briggs acknowledged that no petition bearing the debtor's original signature existed for the second case. He filed the petition believing time was of the essence because of a pending foreclosure sale on the debtor's home. The debtor never attended the meeting of creditors in the second case because she did not know about the second filing. On December 29, 2003, while the second case was still

2

pending, the debtor retained attorney Elbert Walton and filed a third Chapter 13 petition.

At the request of John V. LaBarge Jr, the trustee in the second case, the bankruptcy court dismissed the case on January 14, 2004. On February 3, 2004, LaBarge filed a motion pursuant to Rule 9011 for sanctions against Briggs for filing a petition without the debtor's signature. Briggs responded to the motion, and the bankruptcy court held a hearing on February 24, 2004. The court granted the trustee's motion.

In its findings and conclusions dated March 2, 2004, the bankruptcy court held that Briggs filed a document for which he did not have the original signature of the debtor in violation of the court's local administrative procedures and Rule 9011. The bankruptcy court also that held Briggs filed a petition for a debtor with whom he did not meet in violation of the holding in *Walton v. LaBarge (In re Clark)*, 223 F.3d 859 (8th Cir. 2000). Finally, the court held that Briggs filed a false Disclosure of Compensation of Attorney for Debtor form claiming the debtor paid him $99.00 for his services when she had not.[2] In its order, the bankruptcy court granted the trustee's motion and ordered:

1. An accounting of all monies paid to Critique Legal Services,
2. A return of all monies determined in the accounting,
3. Payment of a fine of $750.00 to the court,
4. Payment of $300.00 to the trustee for attorney's fees,
5. A copy of the findings and conclusions to be forwarded to the Office of the Chief Disciplinary Counsel, and
6. A copy of the findings and conclusions to be forwarded to the Office of the United States Attorney for the Eastern District of Missouri.

Briggs filed a motion to amend the order for sanctions and filed a motion for a stay pending appeal on March 9, 2004. The bankruptcy court held a hearing on

---

[2] The debtor had paid $99.00 to Critique for its services in the first case.

April 5, 2004 and denied both motions in a memorandum and order dated April 28, 2004.

Briggs appeals the bankruptcy court's March 2, 2004 order and its April 28, 2004 order denying Briggs's motion to amend the March 2, 2004 order.

## STANDARD OF REVIEW

We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *Blackwell v. Lurie (In re Popkin & Stern)*, 223 F.3d 764, 765 (8th Cir. 2000); *Wendover Fin. Servs. v. Hervey (In re Hervey)*, 252 B.R. 763, 765 (B.A.P. 8th Cir. 2000). Case law interpreting Federal Rule of Civil Procedure 11 is applicable to Rule 9011 of the Federal Rules of Bankruptcy Procedure. *In re Coon's Ranch, Inc.*, 7 F.3d 740, 743 (8th Cir. 1993). An abuse of discretion standard is used for all aspects of Rule 11 cases. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384 (1990). An abuse of discretion occurs if the bankruptcy court fails to apply the proper legal standard or fails to follow proper procedures in making its determination, or bases its award of sanctions upon facts that are clearly erroneous. *Chamberlain v. Kula (In re Kula),* 213 B.R. 729, 735 (B.A.P. 8th Cir. 1997).

## DISCUSSION

Rule 9011 requires every petition to be signed by an attorney of record in the case. By signing the petition, the attorney is certifying that "to the best of that person's knowledge, information and belief, formed after a reasonable inquiry under the circumstances... (2) the claims...are warranted by existing law...and (3) the allegations and factual contentions have evidentiary support." Fed. R. Bankr. P. 9011(b). The proper standard for determining sanctions pursuant to Rule 9011 is whether the actions were objectively reasonable at the time they were taken. *NAACP v. Atkins*, 908 F.2d 336, 339 (8th Cir. 1990).

4

To constitute a reasonable inquiry as required under Rule 9011, the attorney must make an investigation into whether there is a  factual and legal basis for a claim before filing.  *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir 2003)(citing *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991)).  Briggs argues that Rule 9011 does not require the debtor to sign a voluntary bankruptcy petition.  In the alternative, he argues that the debtor authorized him to file the second petition.  His claim is that the pending foreclosure on the debtor's home, and her signature on the first petition authorized the second filing.  Had Briggs made a reasonable inquiry, he would have concluded that there is no legal or factual basis for either claim.

## IS A DEBTOR REQUIRED TO SIGN A BANKRUPTCY PETITION?

Briggs argues that Rule 9011 does not require the debtor's signature on the petition.  He is correct, but misses the point.  It is the official petition, not the rule, that requires the debtor's signature to verify the facts contained in a petition.

The Supreme Court has the power to prescribe general rules to govern the practices and procedures under Title 11 of the United States Code. 28 U.S.C. § 2075. Fed. R. Bankr. P. 1001 provides that  bankruptcy rules and forms govern procedure in all cases under Title 11.  Fed R. Bankr. P. 9009 provides that official forms prescribed by the Judicial Conference of the United States will be used in all bankruptcy cases.  The official form for voluntary petitions, Form B1, requires the debtor's signature.[3]  The purpose of a debtor's signature on a petition is to verify that the facts contained in the petition are correct. *In re Wenk*, 296 B.R. 719, 727 (Bankr. E.D. Va. 2002).

---

[3]     See the introduction and general instructions to Part I of the official bankruptcy forms.

Fed. Rule Bankr. P. 5005(a)(2) allows a court, by local rule, to permit documents to be filed, signed, and verified electronically.[4] The Case Management/Electronic Case Filing (CM/ECF) Administrative Procedures Manual for the Bankruptcy Court for the Eastern District of Missouri requires that all petitions be filed electronically and that the debtor's electronic signature appear on all voluntary petitions.[5]

The CM/ECF procedures indicate that "The filing or submission of a document required to be signed by another person, is the filer's representation that the party whose signature is required, has in fact, signed the document."[6] In addition, the procedure requires the filer to maintain the original signature on file for two years.

Briggs completed and electronically filed the second petition indicating that the claims contained therein were warranted by existing law when they were not. The debtor had not signed the petition. In the electronic age, what constitutes a signature is different than it used to be. In the Eastern District of Missouri, an attorney's electronic filing of a petition represents that the debtor signed the petition. Briggs violated the Eastern District of Missouri's CM/ECF procedure by inserting the debtor's signature and then signing the petition himself, thereby indicating that the debtor had signed it in accordance with the local procedure. This is the Rule 9011 violation.

---

[4] The term "verify" is not defined in the Bankruptcy Code, but it appears often. Black's Law Dictionary defines the term as "to confirm or substantiate by affidavit." Black's Law Dictionary 1561(6th ed. 1990). 28 U.S.C. § 1746 provides a form that a verification may take.

[5] Sec. IV A, C.

[6] *Id.*

## WAS BRIGGS AUTHORIZED TO FILE THE PETITION?

Briggs argues that it was objectively reasonable to believe that the debtor authorized him to file the second petition. The issue is not whether the debtor authorized the filing of a petition, but whether she signed the petition that was filed. By signing the voluntary petition, the debtor is not authorizing the filing, but rather verifying, under penalty of perjury, that the information provided is correct.[7] The debtor must read and sign every petition because each contains information unique to that filing. This is true regardless of how urgent the need may appear to be. The bankruptcy court determined that there are no circumstances, including a pending foreclosure sale, that justify an attorney filing a petition without the debtor's signature. We agree.

A voluntary petition filed without the debtor's signature also indicates a filing that has no basis in fact. Form B1 requires the debtor's signature on the voluntary petition to ensure the debtor verifies the facts contained therein are correct. *In re Wenk*, 296 at 727. Fed. R. Bankr. P. 1008 requires all petitions to be verified, or contain an unsworn declaration as provided in 28 U.S.C. § 1746. The petition Briggs filed did not have the debtor's original signature and therefore lacked a verification of the facts. With no verification, the factual contentions have no evidentiary support and thus the petition violates Rule 9011(b)(3).

## MAY COURTS TAKE JUDICIAL NOTICE OF LOCAL RULES?

Briggs complained that the bankruptcy court should have considered neither its local rules nor its CM/ECF administrative procedures. On appeal, Briggs requested this court not take judicial notice of either because they had not been entered into evidence. It is unnecessary for the local rules to be admitted into evidence because they are not adjudicative facts but rather rules promulgated under

---

[7] See Official Form B1 (12/03).

statutory authority. We may properly consider the local rules and administrative procedures.

Federal Rule of Evidence 201 allows the courts to take judicial notice of adjudicative facts. Rule 201 is not the only way courts may take judicial notice. Courts may also take judicial notice of statutes and administrative regulations. *Roemer v. Board of Public Works*, 426 U.S. 736, 742 n. 4 (1976); *Lee v. Bartlett and Co.,* 121 B.R. 872, 874 (D. Kan. 1990). The federal courts will take judicial notice of the United States Constitution, federal statutes, and federal case law. *Marbury v. Madison*, 5 U.S. 137 (1807); *Cohen v. U.S.*, 129 F.2d 733, 736 (8th Cir. 1942). In addition, Fed R. Bankr. P. 9029(b) indicates that a judge may regulate a case in any manner consistent with federal law, the federal rules of bankruptcy procedure, official forms and local rules. The rules of the bankruptcy court are created by statute and need not be admitted into evidence to be considered by a court.

## DID BRIGGS FILE A FALSE DISCLOSURE OF COMPENSATION FORM?

Briggs argues in this appeal that the bankruptcy court erred by imposing monetary sanctions based on a false disclosure form.

While the bankruptcy court did state that Briggs filed a false Disclosure of Compensation of Attorney for Debtor form, we do not consider this to be an integral finding underlying the sanction. It was more in the nature of a recitation of the history of the case. Therefore we assume for the purpose of this appeal, that Briggs did not file a false disclosure form.[8]

---

[8] In the Disclosure of Compensation of Attorney for Debtor form, the attorney is certifying the amounts paid to him "for services rendered or to be rendered on behalf of the debtor in contemplation of or in connection with the bankruptcy case."

DID THE COURT SANCTION BRIGGS FOR THE FIRST CASE?

Briggs also complains that the bankruptcy court sanctioned him for the first case in which he was not the debtor's attorney. In its March 2, 2004 order, the bankruptcy court ordered an accounting of monies the debtor had paid to Critique and a return of those funds. Despite the use of the term "return", the purpose of this accounting was not to sanction Briggs for Critique's performance in the first case. The accounting helped to determine a proper amount that would make the debtor whole after the filing of a second petition without her signature. The bankruptcy court ordered Briggs to pay the sum of that accounting to the debtor in addition to a $750.00 fine to the court and $300.00 in attorney's fees to the trustee.

DID THE COURT AWARD AN APPROPRIATE SANCTION?

Briggs also claims the bankruptcy court imposed sanctions not limited to an amount sufficient to deter repetition as required under Rule 9011(c)(2). We review the amount sanctioned for an abuse of discretion. *Cooter*, 496 U.S. at 405.

Rule 9011(c)(2) indicates that a sanction imposed for a violation of the rule will be limited to that amount which is sufficient to deter repetition of the conduct or conduct by others similarly situated. *Schwartz v. Kujawa (In re Kujawa)*, 270 F.3d 578, 584 (8th Cir. 2001). The bankruptcy court ordered an accounting of monies paid to Critique for its services to determine a sum sufficient to make the debtor whole. The amount totaled $284.00 and we think this, in addition to the $750.00 fine and $300.00 attorney fee award, is quite modest, sufficient to deter repetition and not excessive.

**CONCLUSION**

The bankruptcy court properly found that Briggs violated Rule 9011 when he filed a Chapter 13 petition without the debtor's signature and it assessed an

appropriate sanction.  We therefore affirm the bankruptcy court's order granting the trustee's motion for sanctions.

———————————————————