# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1106

_____

In re: Seena Y. Phillips,

     Debtor.

_____

Ross H. Briggs,                 Appeal from the United States

                           Bankruptcy Appellate Panel

       Appellant,         for the Eighth Circuit.

      v.

John V. Labarge, Jr.,

       Appellee.

_____

Submitted:  November 16, 2005
Filed: January 9, 2006

_____

Before ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

BEAM, Circuit Judge.

Attorney Ross Briggs appeals the bankruptcy court's imposition of sanctions pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure.  We affirm the bankruptcy judge's conclusion that Briggs violated Rule 9011, but we find that the court's sanction was an abuse of discretion.

## I.     BACKGROUND

Debtor Seena Phillips retained Critique Services (Critique), a law firm, to file a Chapter 13 bankruptcy on her behalf.  On October 3, 2003, Phillips signed her Chapter 13 voluntary petition and schedules, and Critique filed the bankruptcy petition on October 20, 2003.  This case was dismissed on November 5, 2003, because the Critique attorney assigned to the case did not file a plan, attorney disclosure statement and attorney election form as required by the bankruptcy rules.  When Phillips' first case was filed on October 20th, Briggs was not legal counsel for Phillips and while he was loosely affiliated[1] with Critique, he was not employed as a full-time attorney for Critique at that time.  Briggs was hired as a full-time staff attorney for Critique in November 2003.

Phillips, anxious about impending foreclosure on her home, began contacting Critique in November and early December of 2003 to inquire about the status of her bankruptcy case.  Phillips' case was assigned to Briggs in December 2003 based on his physical availability in the office.  At this time, Briggs learned that Phillips had retained Critique to file a Chapter 13 bankruptcy, and that a foreclosure sale was pending against her home.  Briggs also knew that Phillips had previously met with another attorney at Critique, and that her original signatures were in the file.  He also realized that a bankruptcy petition had already been filed and dismissed, and that Phillips was quite upset and calling Critique frequently.

Armed with the knowledge that Phillips had met with a Critique attorney, had signed and authorized the filing of a bankruptcy petition, that her home was subject to impending foreclosure, and that she was frequently calling the firm to inquire about

---

[1]Briggs first worked full-time for Critique from August 2001 through December 2002.  After December 2002, Briggs began working at a different office, but co-counseled with Critique attorneys "on occasion."  He returned full-time to Critique in November 2003, but only for five or six weeks, departing in mid-December 2003.

the status of her case, Briggs electronically filed a Chapter 13 bankruptcy for Phillips on December 5, 2003, without meeting or speaking with her. However, due to a typographical error in Phillips' prior documents at Critique, Phillips' home address listed on the petition was incorrect. As a result of this, and because Phillips did not know the petition had been filed, she did not receive notice of any hearings for the case and she did not attend any of the bankruptcy proceedings. Accordingly, the case was dismissed for her repeated failure to appear in bankruptcy court.

Briggs later learned that the original signatures were signed prior to the first filing, and that a second set of signatures had not been obtained. Meanwhile, unaware of the second filing, Phillips retained other counsel in December 2003, and this attorney filed yet another Chapter 13 bankruptcy petition on her behalf on December 29, 2003. A creditor filed a motion to dismiss this filing as a "bad faith" case because it was Phillips' third filing. When Briggs became aware of this problem, he contacted Phillips' new attorney, explained the sequence of events, and offered to testify on her behalf at the hearing on the motion to dismiss the third case.

In February 2004, the Trustee filed a motion for sanctions against Briggs, alleging that he had violated Bankruptcy Rule 9011 by filing a bankruptcy petition for Phillips without meeting with her or obtaining her signature. After an evidentiary hearing, the bankruptcy court concluded that Phillips did not authorize Briggs to file a bankruptcy case and that there was no original voluntary petition bearing Phillips' signature for the second bankruptcy case. The court found that those acts violated Bankruptcy Rule 9011, and that sanctions were warranted. The court ordered Briggs to return all funds paid by Phillips for the *first* bankruptcy filing,[2] pay a fine of $750 into the court and pay the Trustee $300 for his attorney fees, and referred the matter

---

[2]Because of the circumstances of the first case's dismissal, Critique filed the second case for Phillips for no charge.

for possible criminal prosecution and disbarment proceedings. The Bankruptcy Appellate Panel affirmed.

## II. DISCUSSION

We review the bankruptcy court's factual findings for clear error and conclusions of law de novo. In re Hixon, 387 F.3d 695, 700 (8th Cir. 2004). A bankruptcy court's decision to impose sanctions is reviewed for an abuse of discretion. In re Kujawa, 270 F.3d 578, 581 (8th Cir. 2001).

We agree with the bankruptcy court that Briggs violated Rule 9011 by filing the petition without meeting with Phillips and making certain that he had her authorization for the second bankruptcy petition. Rule 9011 requires every petition to be signed by an attorney of record in the case, and by signing the petition, the attorney certifies that to the best of his or her knowledge, there is a factual and legal basis for the petition. Fed. R. Bankr. P. 9011(b). In other words, the attorney must make a reasonable inquiry into whether there is a factual and legal basis for a claim before filing. Briggs' reliance on the older signatures in the file, his general knowledge that the debtor seemed to want some action taken and knowledge of the impending home foreclosure did not constitute reasonable inquiry.

Although Briggs apparently had good intentions when he hastily filed the December 5, 2003, bankruptcy petition, those intentions cannot help Briggs escape the reality that he violated Rule 9011. At the very least, Briggs should have had a personal conversation with the debtor before filing a bankruptcy petition on her behalf. Briggs' arguments about whether a debtor's signature is required on the petition and the effect of electronic filing rules miss the point that an attorney needs to know for certain that his client wishes to file for bankruptcy before a petition is

filed.[3] And the debtor's signature on the original bankruptcy petition does more than simply authorize the petition's filing; it also verifies, under penalty of perjury, that the information in the petition is correct. Without the personal authorization of the client, and especially without her verification that the facts in the petition were correct, Briggs did not make a reasonable inquiry before filing the December bankruptcy petition.

However, those same good intentions do save Briggs from the onerous sanctions imposed by the bankruptcy court. The court appears to have sanctioned Briggs for the sins of the entire Critique law firm, rather than for his individual conduct. Requiring Briggs to return money based on the case filed in October, when he was not yet working full-time for Critique, was an abuse of discretion. Referring this case to the counsel for discipline and especially, to the United States Attorney's office for possible prosecution, was even more abusive. When he realized the problem with the signatures and the third bankruptcy filing, Briggs took immediate action to try and rectify the situation. In light of this, we find the totality of the sanction award to be heavy-handed. Accordingly, we strike the sanction award from the bankruptcy court's decision. We note that Briggs' violation of Rule 9011 does not necessarily require the exaction of sanctions. <u>See</u> Rule 9011(c) (stating that the court *may* award sanctions if the rule has been violated).

---

[3]Local bankruptcy rules in the Eastern District of Missouri seem to require an original "wet ink" signature, while Rule 9011 arguably does not. However the tension, if there is any, between these two rules in this case is resolved by the reasonable inquiry standard. Before filing, Briggs had not met with the client to ascertain her intentions or studied the file closely enough to learn that the signatures in the file were almost two months old. Regardless of signature requirements, these actions do not rise to the level of a reasonable inquiry.

## III.  CONCLUSION

We affirm the bankruptcy court regarding the Rule 9011 violation, but strike the award of sanctions against Mr. Briggs.[4]

_____

[4]We express no opinion as to whether there might be a basis for imposing sanctions of some nature on Critique arising out of the failure of the first filing.