**In re Jason D. ROSE and Melissa Rose, Debtors.**

No. 08–61292.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division,
at Columbus.

Feb. 9, 2010.

Chris A. Schrader, Lakeview, OH, Melissa Rose, Rushsylvania, OH, for Debtors.

Myron N. Terlecky, Columbus, OH, Trustee.

*MEMORANDUM OPINION AND ORDER ON MOTION OF CHAPTER 7 TRUSTEE TO DISMISS AND FOR SANCTIONS*

JOHN D. HOFFMAN, JR., Bankruptcy Judge.

Myron N. Terlecky ("Trustee"), the Chapter 7 trustee appointed in the bankruptcy case of Jason D. Rose and Melissa Rose ("Debtors"), has filed a motion seeking (1) dismissal of the Debtors' case under 11 U.S.C. § 707(a) and Rule 1008 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and (2) the imposition of sanctions against the Debtors' attorney under Bankruptcy Rule 9011 for filing a petition that included the Debtors' electronic signatures before he obtained the Debtors' actual signatures ("Dismissal Motion") (Doc. 25). The Trustee and Debtors' counsel filed a stipulation of facts ("Stipulation") (Doc. 29) in advance of the hearing on the Dismissal Motion ("Hearing"). For the reasons set forth below, the Court **DENIES** the Dismissal Motion.

## I. Jurisdiction

The Court has jurisdiction to hear and determine this contested matter pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference entered in this district. This contested matter is a core proceeding. *See* 28 U.S.C. § 157(b)(2).

## II. Stipulated Facts

The parties stipulated to, among others, the following facts:

1. The Debtors filed a Chapter 7 petition on September 22, 2008, which was assigned Case No. 08–58979 ("First Chapter 7 Case"). Stipulation ¶ 1.

2. The Court entered an order on November 3, 2008 dismissing the First Chapter 7 Case because the Debtors failed to obtain the credit counseling required under 11 U.S.C. § 521(1). Instead, the Debtors took the wrong credit counseling course before filing the First Chapter 7 Case. Stipulation ¶ 2.[1]

3. The Debtors filed the current case on November 18, 2008 ("Second Chapter 7 Case"), although the Debtors did not disclose prior bankruptcy filings in their petition (as required by Official Bankruptcy Form B1 and Local Bankruptcy Rule 1015–2(b)(1)). Stipulation ¶ 3.

4. The Trustee conducted the Debtors' § 341 meeting of creditors on December 29, 2008 ("§ 341 Meeting"). Stipulation ¶ 5. At the § 341 Meeting, the Trustee asked the Debtors if they had signed the petition that was filed in the Second Chapter 7 Case. The Debtors testified that they had not, but that Mrs. Rose reviewed the petition before the case was filed. Stipulation ¶ 6.

5. The Trustee continued the § 341 Meeting until May 18, 2009 ("Continued § 341 Meeting"). The Debtors testified at the Continued § 341 Meeting that they signed the petition for the Second Chapter 7 Case shortly after the original § 341 Meeting. Stipulation ¶ 8.

6. The Debtors and their counsel did not attempt to "mislead the Trustee in any fashion about the failure to sign the petition in the Second Chapter 7 Case prior to the [Continued § 341 Meeting]." Stipula-

---

1. The Debtors took the financial management course (which must be completed postpetition) mandated by 11 U.S.C. § 727(a)(11) rather than the credit counseling course (which must be completed prepetition) required by 11 U.S.C. § 109(h).

tion ¶ 9. According to the Debtors, they did not go to counsel's office to execute the petition and schedules in the Second Chapter 7 Case. They acknowledged that their failure to execute the petition and schedules before filing the Second Chapter 7 Case "was an oversight." *Id.* Counsel was unaware that the Debtors had not signed the second petition when he advised his staff to file it and commence the Second Chapter 7 Case. *Id.*

### III. Arguments of the Parties

The Debtors do not dispute that they failed to sign the petition before counsel filed the Second Chapter 7 Case. The Trustee contends that this error—filing a petition with electronic signatures before counsel obtains a corresponding "wet signature" from the Debtors—violates Procedure 8 of the Southern District of Ohio Administrative Procedures for Electronic Case Filing ("ECF Procedures")[2] and that dismissal of the Debtors' case and sanctions against their counsel are therefore appropriate. The Trustee relies on two decisions—*In re Phillips,* 306 B.R. 655 (Bankr.E.D.Mo.), *aff'd sub nom. Briggs v. LaBarge (In re Phillips),* 317 B.R. 518 (8th Cir. BAP 2004), *aff'd,* 433 F.3d 1068 (8th Cir.2006), and *In re Wenk,* 296 B.R. 719 (Bankr.E.D.Va.2002)—in which the courts dismissed bankruptcy cases or sanctioned counsel for failure to obtain original signatures on bankruptcy petitions before commencing those cases. The Debtors argue that they have been honest with the Trustee, they have not attempted to abuse the bankruptcy process or system, their failure to execute an original petition before commencing the Second Chapter 7 case was purely an oversight, and they did not act in bad faith. Thus, the Debtors urge the Court not to dismiss this case or impose sanctions.

### IV. Legal Analysis

#### A. The Signature Requirement

Bankruptcy Rule 5005(a)(2) authorizes courts to implement local rules and procedures that "permit or require documents to be filed, signed, or verified by electronic means...." Fed. R. Bankr.P. 5005(a)(2). On the basis of this authority, the bankruptcy courts in this district have adopted procedures requiring the electronic filing of all documents (with limited exceptions not applicable here). *See* ECF Procedure 1(c) ("Effective July 1, 2004, all pending cases and all cases filed thereafter are assigned to ECF, and the Court will accept only documents filed in compliance with these [ECF] Procedures...."). The ECF Procedures set forth the guidelines and standards with which a "Filer" or "User"[3] must comply. Here, the Debtors' attorney is a Filer.

■ ECF Procedure 8 addresses electronic and original signatures. Subsection (a) of ECF Procedure 8 provides that the electronic filing of a document "constitutes any required signature of [a] Filer or User on such document." If the signature of someone other than a Filer or User is required (such as a debtor's signature on a petition), ECF Procedure 8(b) governs. It provides that "[t]he transmission by a Filer or User of any document constitutes certification of the Filer or User that all persons other than the Filer or User indi-

---

**2.** The ECF Procedures applicable in this case became effective January 1, 2006. Amended procedures went into effect on December 1, 2009.

**3.** As defined in ECF Procedure 1(b), a "Filer" is "any entity, with an approved login and password, registered to use the ECF system under ECF Procedure 2(a)[,]" and a "User" is "any entity, with an approved login and limited password, registered for restricted use of the ECF system under ECF Procedure 2(b)."

cated to have signed the document have actually executed an original prior to electronic filing with the Court." ECF Procedure 8(b). There is no dispute that the Debtors' counsel violated ECF Procedure 8(b) when he filed a voluntary petition that included the Debtors' electronic signatures before they signed their petition in the Second Chapter 7 Case.[4]

■ ECF Procedure 8(b) applies here because Bankruptcy Rule 1008 requires that "[a]ll petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746." Fed. R. Bankr.P. 1008. This rule requires a debtor to sign his or her petition. Official Bankruptcy Form B1 includes the following statement on page 3 directly above the signature lines for a debtor and a joint debtor:

> I declare under penalty of perjury that the information provided in this petition is true and correct.
>
> [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each chapter, and choose to proceed under chapter 7.
>
> [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).
>
> I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

This form is consistent with the two-fold purpose underlying the signature requirement. By signing a petition, the debtor (1) verifies that the information contained in the petition is true and correct and (2) acknowledges that he or she consents to the filing. *See In re Koliba,* 338 B.R. 39, 41 (Bankr.N.D.Ohio 2006) ("[T]he purpose of a debtor's signature on a petition serves to verify that the facts set forth therein are correct."); *Phillips,* 306 B.R. at 659 ("Not only must a debtor declare that the information contained in the petition is true and correct, but a debtor must also consent to the bankruptcy filing and the relief requested in the petition."); *Wenk,* 296 B.R. at 727 ("[D]ebtor's signature indicates debtor's consent to the bankruptcy filing, consent which can only be given by debtor.").

**B. Dismissal is Not Warranted.**

■ No provision of the Bankruptcy Code, the Bankruptcy Rules or any other authority requires the Court to dismiss a debtor's case merely because he or she failed to sign the petition. Yet, the Trustee urges the Court to adopt a bright-line rule requiring dismissal if a petition is electronically filed and counsel does not have an executed original of the petition before the filing. Relying on *Wenk* and *Phillips,* he argues that obtaining an original signature on a petition is an absolute prerequisite for filing. *See* Dismissal Motion at 4–5. But *Phillips* and *Wenk* involved egregious behavior on the part of each debtor's attorney not, as here, mere inadvertence. These inapposite decisions do not—in the Court's view—counsel in favor of adopting a bright-line rule that

---

4. Also, a Filer or User is required to retain various documents that must contain original signatures, verification under Bankruptcy Rule 1008, or an unsworn declaration under 28 U.S.C. § 1746—including petitions, schedules and statements—for a period of four years after the closing of a case. *See* ECF Procedure 7(a). The amended ECF Procedures that went into effect on December 1, 2009 reduced the retention period from four to two years.

would mandate dismissal in all instances where a petition is electronically filed before the original petition is signed by the debtor(s).

*Wenk* was a case in which the disputed petition was not only unsigned, the filing of the petition was unauthorized. In *Wenk,* two attorneys commenced separate cases for the debtor on the same date. The debtor's home was scheduled for a foreclosure sale on January 3, 2002. She contacted Attorney James E. Kane ("Kane"), who had represented her in a prior bankruptcy case. According to Kane, the debtor scheduled a meeting with him at 1:30 p.m. that day. He also stated that the debtor called that morning to make sure he was going to file her petition, but she had told the paralegal that because of a snowstorm the night before she was not certain she would make it into the office. Kane directed his paralegal to file the petition from her home and said that the debtor would be in the office by 1:30 p.m. to execute the bankruptcy papers. The paralegal filed the case at 12:18 p.m. on January 3. The debtor did not show up at Kane's office. Kane left a message for her, but he did not hear from her. *Wenk,* 296 B.R. at 722.

According to a second attorney who also filed a petition for the debtor—Attorney Bruce W. White ("White")—the debtor contacted him on January 3, 2002 because of the foreclosure sale scheduled that day and because she was unable to reach Kane or anyone else in Kane's office except his paralegal. The debtor arrived at White's office around noon and signed the petition. This signed petition was filed at 1:21 p.m. on January 3. White stated that the debtor told him she had not authorized Kane to file a petition because she was unable to reach Kane. *See id.*

The bankruptcy court dismissed the case filed by Kane because it was unauthorized and the debtor had not signed the petition.

The court also imposed sanctions against Kane and members of his firm. *See id.* Kane sought reconsideration of the sanctions. During the hearing on his motion for reconsideration, Kane stated that "it was not his intention to file an electronic petition purporting to have debtor's signature, but to file a deficient petition." *Id.* at 723. Kane also stated that "it was his practice to sometimes" file a petition without a debtor's signature so his client would benefit from the stay during the time afforded to cure the deficiency. *Id.* at 724.

The attorneys in *Wenk* were subject to local rule requirements similar to those imposed by the rules and ECF Procedures in effect in this district. The local rules in *Wenk* required, among other things, that a petition include an unsworn statement with the debtor's signature, *see id.* at 724–25 (citing Local Bankruptcy Rule 5005–1(D)(1)), and that an electronic filer retain originally executed copies for at least three years after the closing of a case. *See id.* at 725 (citing *Administrative Procedures for Filing, Signing, Retaining and Verification of Pleadings and Papers in the Case Management/Electronic Case Filing (CM/ECF) System* (Exhibit to Standing Order No. 01–6), II(C)(1) (Bankr.E.D.Va. Jan. 1, 2002)). In analyzing the appropriateness of sanctions, the *Wenk* court stated that "[w]hen the petition was received, the court was presented with a document which stated on its face that debtor had signed it, under penalty of perjury, when it was not true. This amounts to fraud." *Id.* Thus, the court—while admonishing Kane for his intention to file a petition without a signature—concluded that although "petitions are often filed in skeletal form and later amended ... a debtor's signature is absolutely required even on skeletal petitions." *Id.* at 726.

Similarly, in *Phillips* the matter was before the court on a sanctions motion

because an attorney filed a second case for a debtor without her knowledge. *Phillips*, 306 B.R. at 656–57. Attorney Ross Briggs ("Briggs") filed a petition for the debtor after her original case was dismissed and his staff advised him that the debtor was facing a foreclosure sale. Before filing the case, however, Briggs "neither spoke with nor met with Debtor personally.... Debtor did not authorize [ ] Briggs to file the [s]econd [c]ase." *Id.* at 657. Briggs stipulated—and the debtor's testimony confirmed—that an original petition with the debtor's original signature did not exist for the case that Briggs filed. Instead, the debtor had authorized another attorney to commence her case. *See id.*

Briggs argued that his actions were justified and that he "filed the petition in the [s]econd [c]ase without Debtor's signature because he sought to protect Debtor from a potential foreclosure sale scheduled for a date uncertain." *Id.* at 658. The court rejected this argument, however, and followed *Wenk*, holding "that there are no circumstances, including an urgent foreclosure sale, which justifies an attorney's filing of a petition without a debtor's signature." *Id. See also In re King*, 2006 WL 1994679 at *2 (Bankr.N.D.Ind. June 21, 2006) ("[A]n unsigned petition doesn't count."). The court also found that Briggs violated Bankruptcy Rule 9011 as well as the administrative procedures governing electronic filing and local bankruptcy rules. *See Phillips*, 306 B.R. at 658.

In *Phillips*, dismissal of the case was not even in issue. Moreover, the serious and intentional violations of local rules and electronic filing procedures involved in both *Phillips* and *Wenk*[5] are not present here. Thus, the Court finds that those cases do not support the Trustee's request to dismiss this case. Rather, as discussed below, the ruling by the *Koliba* court—and the rationale underlying its decision—make a persuasive case against dismissal on the facts presented here.

In *Koliba*, the United States Trustee ("UST") filed a motion to dismiss a case in which the debtors had physically signed a district form entitled "Declaration re: Electronic Filing of Documents and Statement of Social Security Number," but they, along with counsel, failed to physically sign the petition. *Koliba*, 338 B.R. at 40–41. In response to the UST's motion, the debtors and counsel corrected the signature deficiencies and executed the petition. *See id.* at 41. The *Koliba* court emphasized three points in deciding that dismissal of the case was not appropriate—first, the court opined that the UST was emphasizing form over substance; second, in the court's view, the signature omission did not rise to the level of cause for dismissal under § 707; and third, the failure to have an originally signed petition did not constitute a jurisdictional defect that would bar the commencement of a case.

The UST based its first argument on various Bankruptcy Rules, official forms and the court's electronic filing procedures. Because the debtors and counsel had failed to sign the petition, thus failing to meet two separate requirements—that a debtor and attorney must physically sign a petition and that counsel must retain the document bearing those signatures for at least one year after the closing of a case—the UST urged the court to dismiss the case. *See id.* at 42. The court rejected this argument, stating that "[b]ankruptcy

---

**5.** Unlike this case, the attorney in *Phillips* filed a petition without ever meeting the debtor or obtaining her authority to file; the attorney in *Wenk* intentionally filed a defective petition to obtain more time to correct the signature deficiency; and, both attorneys filed petitions without their clients' knowledge, much less authority.

courts are courts of equity, and equity holds that substance will prevail over form." *Id.* (citing *In re Madeline Marie Nursing Homes*, 694 F.2d 433 (6th Cir. 1982)). The court concluded instead that the UST was attempting to "elevate[ ] to new heights doing just the opposite: placing form over substances[,]" and override the "Congressionally conferred right of bankruptcy relief[.]" *Id.*

The *Koliba* court also considered the underlying "statutory presumption that once commenced, a Chapter 7 bankruptcy case should proceed until the case is fully administered." *Id.* at 43. In its analysis, the court looked specifically to § 707(a), which provides that a Chapter 7 case may be dismissed only for cause. Cause for purposes of § 707(a) includes, without limitation, unreasonable delay caused by the debtor that prejudices creditors, the failure to pay required fees and charges, or the failure to file required information. *See* 11 U.S.C. § 707(a). And while the " 'for cause' proviso of § 707(a) affords an independent basis for dismissal[,] . . . this standard envisions the furtherance of a bankruptcy objective, not simply a debtor or other party's contention that its personal interest would be better served by a dismissal." *Koliba*, 338 B.R. at 43. The court was unable to conclude that the debtors were undeserving of the protections afforded by the Bankruptcy Code, and the "UST did not offer any satisfactory explanation as to how an objective of bankruptcy law could be furthered by dismissal." *Id. See also In re Kell*, 2007 WL 5582049 at *3 (Bankr.M.D.Tenn. Aug. 29, 2007) (refusing to dismiss case where debtor did not sign any paperwork before the filing in the absence of "proof or allegations that the debtor filed his petition in bad faith or that his situation demonstrates any abuse of the system").

Finally, the court rejected the UST's argument that a debtor must comply with Bankruptcy Rule 1008 "for a petition to become legally operative so as to commence a case." *Koliba*, 338 B.R. at 44. Bankruptcy Rule 1008 states that "[a]ll petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746." Fed. R. Bankr.P. 1008. The UST in *Koliba* argued that the failure to sign a petition violates this rule and thus deprives the bankruptcy court of jurisdiction because a properly filed case had not been commenced. *Koliba*, 338 B.R. at 44. Rejecting this argument, the bankruptcy court concluded that Bankruptcy Rule 9011 permits a party to correct the omission of a signature. The court reasoned:

> It appears that nowhere in the Bankruptcy Code is it provided that a debtor, or for that matter their attorney, must sign a bankruptcy petition. Instead, signature requirements are Rule driven. But insofar as the Rules go, Rule 1008 does not constitute the last word on a petition's signature requirements.

> Importantly, Bankruptcy Rule 9011, which by its specific terms applies to bankruptcy petitions, sets forth in the last sentence of paragraph (a) that an "unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the *attorney or party*." (emphasis added). Thus, Rule 9011 allows a party to correct a signature omission in a petition so long as they do promptly once learning of the defect.

*Id.* at 45. In *Koliba*, the debtors and counsel availed themselves of the remedial measure that Bankruptcy Rule 9011 provides by immediately signing the petition after the UST filed the motion. *See id.* An additional ground for rejecting the UST's jurisdictional argument, the *Koliba* court stated, was that "a procedural violation of a Bankruptcy Rule, let alone an

administrative protocol, even when involving a document's verification, is alone an insufficient basis for granting a motion to dismiss for lack of jurisdiction." *Id.* at 47. *See also Willis v. Rice (In re Willis)*, 345 B.R. 647, 651 (8th Cir. BAP 2006) ("No one disputes the premise that dismissal will generally be appropriate in cases where the debtor did not sign the petition and fails to promptly correct the deficiency."); *Philadelphia Housing Auth. v. Rainey (In re White)*, 1993 WL 224661 at *1 (Bankr. E.D.Pa. June 21, 1993) (affording debtor postpetition opportunity to execute unsigned petition before dismissing case). Like the *Koliba* court, this Court cannot conclude that, under the circumstances of this case, Debtors' failure to sign their petition constitutes cause for dismissal under § 707(a).

### C. Sanctions Under Bankruptcy Rule 9011 are Not Warranted.

Nor has the Trustee demonstrated fraud or intent to manipulate the bankruptcy system by the Debtors or their counsel. To the contrary, counsel inadvertently instructed his office to commence the Second Chapter 7 Case with the honest belief that the Debtors had signed an original petition. Once made aware of the mistake, the Debtors executed the petition. Bankruptcy Rule 9011 permits such a correction. Thus, the Court finds that the actions taken by counsel and the Debtors do not warrant the imposition of sanctions under Bankruptcy Rule 9011. *See Briggs v. Labarge (In re Phillips)*, 433 F.3d 1068, 1071 (8th Cir.2006).

### V. Conclusion

For the foregoing reasons, the Motion is **DENIED.**

**IT IS SO ORDERED.**