# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 14-6030

_____

In re: Living Hope Southwest Medical Services, LLC

*Debtor*

------------------------------

Renee S. Williams, Trustee

*Plaintiff - Appellee*

v.

Living Hope Southeast, LLC

*Defendant*

David Kimbro Stephens

Interested Party - *Appellant*

_____

Appeal from United States Bankruptcy Court
for the Western District of Arkansas - Texarkana

_____

Submitted:  December 8, 2014
Filed:  January 29, 2015

_____

Before FEDERMAN, Chief Judge, SCHERMER and SHODEEN, Bankruptcy
Judges.

_____

FEDERMAN, Chief Judge

David Kimbro Stephens appeals from the Order of the Bankruptcy Court[1] denying his Motion for Reconsideration of the Court's Memorandum Opinion and Judgment ordering sanctions against him under Federal Rule of Bankruptcy Procedure 9011. For the reasons that follow, the Order of the Bankruptcy Court is AFFIRMED.

## FACTUAL BACKGROUND

The appellant, David Kimbro Stephens, is an attorney. He is an owner and the controlling principal of Living Hope Southwest Medical Services, LLC, the debtor in this bankruptcy case filed in the Western District of Arkansas ("the Debtor"). Mr. Stephens also has an interest in Living Hope Southeast, LLC ("Southeast"), which is the debtor in a separate bankruptcy case filed in the Eastern District of Arkansas.[2]

The Debtor's case has a long and difficult history, but, as relevant to this appeal, in February 2009, the Chapter 7 Trustee in the Debtor's case, Renee S. Williams, filed an adversary proceeding against Southeast and Stephens (the "Adversary Proceeding"), seeking a judgment or claim for the value of assets which were transferred postpetition by the Debtor to Southeast. The Trustee also sought the imposition of a constructive trust against the transferred assets. By

---

[1]     The Honorable Richard D. Taylor, United States Bankruptcy Judge for the Western District of Arkansas.

[2]     Case No. 4:12-bk-11082, initially presided over by the Honorable Audrey Evans, now retired. That case has since been transferred to Judge Taylor, who also presides over the Debtor's case.

2

virtue of a joint stipulation signed by Stephens, he was dismissed as a defendant in the Adversary Proceeding prior to trial.

On January 18, 2013, following a trial against Southeast, the Bankruptcy Court[3] entered several orders in the Adversary Proceeding, including an Order Denying David Kimbro Stephens' Motion to Intervene in it, and an Order Approving Unsecured Claim in which the Court, *inter alia*, allowed the Trustee in the Debtor's case an unsecured claim against Southeast in the amount of $1,190,000.[4] The Court later denied the Trustee's request for a constructive trust against Southeast's assets. Stephens appealed those Orders, and others, to the United States District Court for the Western District of Arkansas.

On January 17, 2014 – while Stephens' appeal to the District Court was pending, and on the last day before the one-year limitation period under Federal Rule of Civil Procedure 60(b) was to lapse – Stephens, *pro se*, filed a Motion for Relief from Judgment or Order (the "Rule 60 Motion") and a Brief in Support (the

---

[3] At that time, the Debtor's bankruptcy case and the Adversary Proceeding were presided over by the Honorable James G. Mixon, United States Bankruptcy Judge for the Western District of Arkansas, now deceased. Judge Taylor took over the Debtor's case and its related adversary proceedings after Judge Mixon passed away.

[4] Mr. Stephens moved to reconsider and then appealed both of these Orders, and others, to the United States District Court for the Western District of Arkansas. *See Stephens v. Williams* (*In re Living Hope Southwest Medical Services, LLC*), Case No. 4:13-CV-04055, in the United States District Court for the Western District of Arkansas. The District Court affirmed, holding, *inter alia*, that since Stephens was properly denied permission to intervene in the Adversary Proceeding, he, in effect, lacked standing to appeal the judgment against Southwest. *See Opinion and Order* (Doc. No. 304 in the Debtor's bankruptcy case), entered July 10, 2014. Mr. Stephens has appealed that ruling to the Eighth Circuit Court of Appeals.

"Original Brief"). As relevant here, Stephens sought relief from the Order approving the unsecured claim against Southeast under Rules 60(b)(3), 60(b)(6), 60(d)(1), and 60(d)(3).[5] In sum, Stephens alleged that the Trustee's attorney, Thomas S. Streetman, had colluded with Southeast's attorneys, James Smith and Kimberly Woodyard, and that this collusion resulted in the judgment against Southeast. Stephens alleged that the attorneys' conduct amounted to a "fraud on the court" warranting relief from the Order.

After Stephens filed the Rule 60 Motion and Original Brief, Streetman sent, on the Trustee's behalf, a Rule 9011 safe harbor letter to Stephens.[6] Stephens responded by filing a Corrected and Amended Brief in Support of the Rule 60 Motion (the "Corrected Brief"). He did not withdraw or amend the Rule 60 Motion itself. Unsatisfied by that amendment, the Trustee filed a Motion for Imposition of Rule 9011 Sanctions Against David Kimbro Stephens (the "Rule 9011 Motion"), as well as a Motion to Strike Kimbro Stephens' Corrected and Amended Brief and for Imposition of Sanctions (the "Motion to Strike").

The Bankruptcy Court scheduled a hearing for April 2, 2014, on Stephens' Rule 60 Motion, the Trustee's Rule 9011 Motion, and the Trustee's Motion to Strike. At the beginning of the hearing, the Court announced that it was going to

---

[5] Fed. R. Civ. P. 60(b) and (d), made applicable to this bankruptcy case by Fed. R. Bankr. P. 9024. Stephens also asserted "surprise" under Rule 60(b)(1), based on the allegation that Southeast's attorneys opposed his intervention in the Adversary Proceeding, after allegedly representing to Stephens they would not do so. The Rule 60(b)(1) allegation is not at issue in this appeal.

[6] As discussed below, Rule 9011 provides for sanctions against a party who files a frivolous pleading, but requires that the filing party be given a twenty-one day "safe harbor" period in which to withdraw or correct the offending pleading before sanctions are sought.

deny Stephens' Rule 60 Motion because, in essence, he was not a party in the Adversary Proceeding, and only parties can bring a motion for post-judgment relief.[7] After that announcement, the parties proceeded to present evidence on the Trustee's Rule 9011 Motion. At the conclusion of the evidence, the Court held that Stephens' allegations of fraud on the court violated Rule 9011(b)(2) and (b)(3) and directed the Trustee to submit a fee request. After the Trustee did so, and Stephens responded, the Court entered a Memorandum Opinion and a Judgment against Stephens on May 29, 2014 (collectively, the "Sanctions Order"). The Court incorporated its oral findings and conclusions from the hearing, and ordered Stephens to pay the Trustee $19,188.42 in attorney fees as the prevailing party on the Rule 9011 Motion under Rule 9011(c)(1)(A), plus $1,659.10 as a sanction under Rule 9011(c)(2) to deter Stephens from repeating the offending conduct. Meanwhile, shortly after the hearing, on April 5, 2014, Stephens moved to withdraw and expunge from the record both the Original Brief and the Corrected Brief, with their attachments. On April 9, 2014, the Court entered an Order placing those documents under seal.[8]

On June 12, 2014, Stephens timely filed a Motion for Reconsideration of the Sanctions Order,[9] which the Bankruptcy Court denied on July 28, 2014. On

---

[7] The Court subsequently entered a written Order denying Stephens' Rule 60 Motion on April 9, 2014.

[8] Although those documents were placed under seal, the parties discuss them at length, and do not dispute what they say. A review of both the Original Brief and the Corrected Brief was necessary in order to determine whether the filing of the Corrected Brief was an effective withdrawal of the Original Brief under the safe harbor rule, as Stephens asserts it was, discussed below.

[9] Because this Motion was filed on the fourteenth day after the May 29 Orders, it was timely under Federal Rule of Bankruptcy Procedure 9023 and

August 11, 2014, Stephens timely appealed the July 28, 2014 Order denying reconsideration.[10] Stephens did not appeal the denial of the Rule 60 Motion itself.

## DISCUSSION

### *The Rule 9011 Standard*

Federal Rule of Bankruptcy Procedure 9011(b) provides, in relevant part, that in presenting a pleading to the Court, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that:

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]

> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .[11]

Rule 9011 further provides that, if, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may,

Federal Rule of Civil Procedure 59. Note that the Motion for Reconsideration and associated Brief were later placed under seal at the Trustee's request.

[10]

Because the Notice of Appeal was filed on the fourteenth day after the July 28 Order was entered, it is timely under Federal Rule of Bankruptcy Procedure 8002.

[11]

Fed. R. Bankr. P. 9011(b)(2) and (3).

subject to certain stated conditions, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.[12] "Violations of Rule 9011 are determined by applying an objective standard of reasonableness under the circumstances."[13]

> We review an award of sanctions for an abuse of discretion.[14]
>
> An award of sanctions involves a consideration of three types of issues: factual, legal, and discretionary. First, a court must consider factual questions regarding the nature of the attorney's inquiry prior to filing the pleading and the factual basis for the pleading. Next, a court must consider legal issues to determine if the pleading is warranted by existing law or a good faith argument for a change in the law and whether the attorney's conduct violated Rule 9011. Finally, if a court determines that sanctions are warranted, it must exercise discretion to ensure the sanction is appropriately tailored to the situation.[15]

The review of the imposition of sanctions under Rule 9011 "necessarily requires an examination of the underlying factual and legal claims."[16] We will reverse an

---

[12] Fed. R. Bankr. P. 9011(c).

[13] *In re KTMA Acquisition Corp.*, 153 B.R. 238, 248 (Bankr. D. Minn. 1993); *Black Hills Institute of Geological Research v. South Dakota School of Mines and Technology*, 12 F.3d 737, 745 (8th Cir. 1993); *N.A.A.C.P. v. Atkins*, 908 F.2d 336, 339 (8th Cir. 1990).

[14] *In re Crofford*, 301 B.R. 880, 884 (B.A.P. 8th Cir. 2003) (citations omitted).

[15] *Id*. at 883-84 (citing *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 399, 110 S.Ct. 2447, 2457, 110 L.Ed.2d 359 (1990)).

[16] *Id.* at 884 (citations omitted).

7

award of sanctions only if it was based on an erroneous view of the law or on a clearly erroneous assessment of the evidence.[17]

As stated above, the pleadings which became the subject of the Rule 9011 Motion were Stephens' Rule 60 Motion and related briefs, where he sought relief from the judgment against Southeast because, Stephens asserted, it was obtained through "fraud upon the court." The Trustee asserted in her Rule 9011 Motion that Stephens' factual allegations concerning the attorneys' conduct were flagrantly false and malicious and, in essence, that the real purpose of Stephens' pleadings was to place allegations of attorney misconduct in front of the District Court where the appeal of the judgment was pending.

## *Procedural Issues*

At the outset, Stephens asserts that the Trustee's Rule 9011 Motion was procedurally flawed. Specifically, Rule 9011(c)(1)(A) provides a mandatory safe-harbor provision requiring that a motion for sanctions "may not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected . . . ."[18]

---

[17]

    *Id.* (citations omitted).

[18]

    Fed. R. Bankr. P. 9011(c)(1)(A). *See also In re Stephens*, 2013 WL 950822 at *1 (D. Minn. March 12, 2013) ("Under Federal Rule of Bankruptcy Procedure 9011, a party cannot file a motion for sanctions if the challenged pleading is withdrawn or corrected within twenty-one days after service of the motion on the party against whom sanctions are sought. . . . Providing notice and allowing the offending party the opportunity to withdraw the challenged document 'is mandatory.'") (citations omitted).

As stated above, Stephens filed the Rule 60 Motion on January 17, 2014, along with the Original Brief. On January 21, 2014, Mr. Streetman sent Mr. Stephens a safe harbor letter on behalf of the Trustee, and included a copy of the Rule 9011 Motion they intended to file. The letter advised Stephens that he had twenty-one days in which to withdraw the Rule 60 Motion and Original Brief, or they would file the Rule 9011 Motion with the Court. Although the letter focused on the inappropriate filing of a Rule 60 motion while an appeal of the subject order was pending, the Rule 9011 Motion focused on Stephens' allegations of collusion between attorneys Streetman and Smith in obtaining the judgment against Southeast.

In response to the safe harbor letter, on February 7, 2014, Stephens filed the Corrected Brief to replace the Original Brief. He did not withdraw or amend the actual Rule 60 Motion, however. On February 20, the Trustee filed four documents: the Rule 9011 Motion and a brief in support; and a Motion to Strike the Corrected Brief and a brief in support. The Trustee's Motion to Strike the Corrected Brief repeated the request for imposition of sanctions under Rule 9011(b)(1).

On March 6, 2014, Stephens filed responses to the Rule 9011 Motion and the Motion to Strike, also with briefs in support.

Stephens asserts that he did, in fact, withdraw the "offending" pleading (the Original Brief) when he filed the Corrected Brief and that he did not receive a new safe harbor letter relating to the Corrected Brief. He asserts, in effect, that the Trustee continues to improperly rely on the allegations he had withdrawn or corrected through the filing of the Corrected Brief.

9

We reject that argument. First, Stephens did not withdraw or correct the Rule 60 Motion, which itself alleged "misconduct" by Streetman, "collusion" between Streetman, Smith, and Woodyard, and "fraud on the court" under Rules 60(b)(3), 60(b)(6), 60(d)(1), and 60(d)(3).

Second, as to the briefs, the Corrected Brief removed only a few of the many allegations which the Trustee asserted were offensive in the Original Brief. Specifically, Stephens had only removed allegations which the Trustee felt implicated the then-presiding judge in the collusion between the attorneys. Although the Rule 9011 Motion filed with the Court referred to the Original Brief (which had, by then, been replaced), such Motion pointed to as many as 21 additional statements Stephens had made concerning the attorneys (and not the judge) which the Trustee alleged were "flagrantly false," most or all of which remained in the Corrected Brief. Filing a "corrected" pleading which retains the substance of the allegedly-offensive material does not "withdraw[ ] or appropriately correct[ ]" a pleading under the Rule, and does not trigger a new safe harbor period. Moreover, although the Bankruptcy Court mentioned the Original Brief, it did not consider the allegations Stephens had implied against the judge in making its ruling; rather, as discussed more fully below, the Court carefully focused on the allegations of misconduct and collusion Stephens had made against Streetman, which were present in the Rule 60 Motion, and both the Original and Corrected Briefs. We therefore reject Stephens' argument that the Trustee violated the safe harbor provision in Rule 9011(c)(1)(A) when she filed her Rule 9011 Motion.

Next, Stephens asserts that, because the Trustee's Motion to Strike the Corrected Brief also asked for sanctions under Rule 9011, the Trustee violated Rule 9011(c)(1) because the request for sanctions was not "made separately from

10

other motions or requests," as required by the Rule. Although the Motion to Strike did repeat the request for sanctions, there was, indeed, a separate motion for sanctions under Rule 9011. Stephens' point on that issue is, therefore, denied.

### *The Merits of the Rule 9011 Sanctions*

Turning to the merits, Stephens asserts that the Bankruptcy Court applied the wrong standard in considering whether his allegations of "fraud on the court" violated Rule 9011. Stephens' Rule 60 Motion was pled under both Rule 60(*b*)(3), which provides that a court may relieve a party or its legal representative from a final judgment, order or proceeding for "fraud . . . , misrepresentation, or misconduct by an opposing party," and Rule 60(*d*)(3), which provides that a court has the power to "set aside a judgment for fraud on the court." A motion under Rule 60(b) must be brought within a year after the relevant order or judgment – which Stephens' Rule 60 Motion was – but a Rule 60(d) motion may be brought at any time.[19]

Stephens asserts that the standard under Rule 60(d) for "fraud on the court" is stricter than that under Rule 60(b) for "fraud, misrepresentation, or misconduct by an opposing party," and that the Bankruptcy Court erred in applying the stricter standard. Indeed, the Eighth Circuit has said:

> The "fraud on the court" standard [now found in Rule 60(d)(3)] is distinct from the more general fraud standard of Rule 60(b)(3) . . . . A finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel . . . . To prevail under Rule 60(b)(3), the movant must show . . . that his opponent engaged in a

---

[19] Fed. R. Civ. P. 60(c)(1) and (d).

11

fraud or misrepresentation that prevented the movant from fully and fairly presenting his case.[20]

Although the Bankruptcy Court did mention Rule 60(b)(3) in its rulings, the bulk of its discussion involved the allegations of fraud on the court under the Rule 60(d)(3) standard.

As stated, Stephens acknowledges that a higher standard applies under Rule 60(d)(3), but asserts that, because his Rule 60 Motion was brought within the one year timeframe, *only* the lower standard applicable under Rule 60(b)(3) applied.

That is simply incorrect: Stephens' Rule 60 Motion pled Rule 60(d)(3) as an alternative to Rule 60(b)(3), and expressly alleged "fraud on the court," a phrase used only in Rule 60(d)(3). A motion under Rule 60(d) is not subject to the one year limitation, but Stephens cites no authority which prohibits a motion under Rule 60(d) from being brought less than one year after the judgment. And, Stephens cites no authority for the notion that pleading one of the two rules is to the exclusion of the other. Nor does he cite any authority for the proposition that the standard under Rule 60(*b*)(3) applies to a Rule 60(*d*)(3) motion if it is brought within a year – which, he now asserts, was his nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law under Rule 9011(b)(2). Such argument is, indeed, frivolous. In sum, Stephens' brought his Rule 60 Motion under both rules, and his assertion that his pleading

---

[20] *Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir. 1998) (citations and internal quotation marks omitted). *Greiner* was decided under the prior version of Rule 60, in which Rule 60(b) itself provided the savings clause, namely that "[t]his rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, . .. or to set aside a judgment for fraud upon the court."

did not seek relief for fraud on the court under Rule 60(d)(3) – and the standard that imposes – is disingenuous.

Thus, even if Stephens' Rule 60(*b*) Motion might have survived Rule 9011 scrutiny under its lower standard (which we do not conclude it did), since Stephens pled both alternative grounds for relief from the judgment, his factual allegations of misconduct and collusion, and his claim for fraud on the court under Rule 60(d)(3), still had to have been objectively reasonable under the circumstances,[21] apart from the Rule 60(b)(3) claim. In other words, even if one claim in a pleading may survive a Rule 9011 challenge, the remaining claims are not thereby insulated from Rule 9011 scrutiny. As a result, the Bankruptcy Court did not err in directing its primary focus on the allegations of fraud on the court under Rule 60(d)(3), as well as the factual allegations concerning collusion and corruption.

In doing so, the Bankruptcy Court focused on the allegations Stephens had made against *Mr. Streetman* in colluding with Southeast's attorneys, particularly Smith, in obtaining the judgment against Southeast. For these purposes, the Bankruptcy Court essentially assumed the facts Stephens alleged against Smith in handling Southeast's case were true (because Smith was not challenging the allegations against him), but directed Stephens to present evidence supporting his allegation that Streetman had colluded with Smith and engaged in fraud on the court in obtaining the judgment against Southeast.

"Collusion," "corruption," and "fraud on the court" are extremely serious allegations to make against an attorney. In essence, Stephens asserts that Streetman "colluded" with Southeast's attorneys, and committed fraud on the

---

[21] Fed. R. Bankr. P. 9011(b)(2) and (3); *In re KTMA Acquisition Corp.*, 153 B.R. at 248.

court, primarily because: (i) they lured him into signing a stipulation of dismissal and then used that dismissal to preclude his intervention in the Adversary Proceeding; (ii) Smith did not object to a motion for relief from stay in Southeast's bankruptcy case to allow the Adversary Proceeding to proceed and then did not object when Streetman filed the Complaint before the fourteen-day stay under Rule 4001(a)(3) expired; (iii) the attorneys agreed at a pretrial conference to a quick trial date; (iv) Smith did not argue that the Adversary Proceeding was filed more than two years after the transfer of assets from the Debtor to Southeast (even though Streetman had asserted that the limitations period had been tolled); (v) Smith stipulated to certain facts at trial; and (vi) they withheld information and presented false facts at trial, apparently referring primarily to Streetman's assertion that a particular bank account belonged to the Debtor as opposed to Southeast.

After a two-day hearing, the Court found that the allegations of collusion were "unfounded assumptions" and "blatant illogical fallacies." The Bankruptcy Court did not clearly err in so holding. Exchanging documents, stipulating to their admissibility, uniting in a particular argument against a third party (such as opposing Stephens' motion to intervene), waiving procedural discrepancies (such as the 14-day stay under Rule 4001(a)(3)), and the like, do not support a plausible assertion that the attorneys colluded in obtaining the ultimate judgment. Indeed, attorneys routinely extend these kinds of courtesies to each other and to the court, and should be encouraged to do so in appropriate circumstances. Moreover, as the Court held, the remainder of Stephens' complaints against Streetman, particularly those relating to legal and evidentiary arguments, have to do with Streetman representing his client, the Trustee, in performing her duties. That he obtained some favorable results, whether due to agreement by opposing counsel or court rulings, does not mean there was collusion, corruption, or fraud.

14

Indeed, although Stephens continues to accuse Streetman of misconduct in his briefs on appeal, in response to the Court's directive to Stephens at the hearing to produce evidence that Streetman had engaged in some actual misconduct, even Stephens backed off his allegations against Streetman, in essence saying that the only reason he used the term "collusion" was that is what Rule 60 requires, and it appeared to him that they attorneys were "working together."[22] But, he said, he did "not mean to imply that they were doing something, I guess, inappropriate in that regard from Mr. Streetman's standpoint, he's just representing his client."[23]

Also, Stephens continues to point to filings made by another attorney, Craig Henry, who made similar allegations of fraud on the court and collusion in the Debtor's and Southeast's bankruptcy cases. However, as the Trustee points out in her brief, both of the bankruptcy judges faced with those filings had very strong reactions to the allegations he made before them, and Mr. Henry withdrew his filings with prejudice before the Trustee's Rule 9011 Motion was filed. Indeed, according to the Trustee, one of the judges referred Henry to the Committee on Professional Conduct as a result of the filing. Nevertheless, after that occurred, Stephens pressed on with his allegations.

And finally, while not determinative, it is notable that the result about which Stephens complains – namely the judgment against Southeast – is similar to what Stephens had agreed to in two settlement agreements. The lawsuit was settled

---

[22] *Transcript of Hearing Held April 2, 2014 and April 3, 2014 on Motion for Sanctions, Motion for Relief from Order or Judgment, and Motion to Strike Before the Honorable Richard D. Taylor, United States Bankruptcy Judge*, Vol. I, at 120-21.

[23] *Id.* at 122.

15

twice – both times for $1.15 million to be paid by Southeast over time with an early payment discount, and giving the Trustee a lien on the assets of Southeast until the amount was paid. Both of those settlements were rejected by the Court due to objections by another creditor. The Judgment about which Stephens complained was an unsecured claim for only a slightly higher amount, $1.19 million.

As stated, "[v]iolations of Rule 9011 are determined by applying an objective standard of reasonableness under the circumstances."[24] "Indeed, signers cannot avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head."[25] "Unfortunately, sanctions that deter are necessary to remind those who need reminding that a court is not a place to vent unsupported frustration. There is judicial protocol which must be followed. Abuses are not tolerated."[26] The focus in the Rule 11 context should be on the plausibility of the allegations and argument at the pleading stage.[27]

As the Bankruptcy Court held, Stephens made extremely serious allegations against Streetman in his pleadings which did not have plausibility, were not objectively reasonable, and were not supported by the evidence. His backing off from the statements at the hearing was insufficient and came too late. As the

---

[24]

*In re KTMA Acquisistion Corp.*,153 B.R. at 248.

[25]

*Id.* (citation, internal quotation marks and modifications omitted).

[26]

*Id.*

[27]

*Black Hills Institute of Geological Research v. South Dakota School of Mines and Technology*, 12 F.3d 737, 745 (8th Cir. 1993).

16

Bankruptcy Court said, "when you pull the sword and say that someone colluded, and all that implies, and then testify that your belief was it was not intentional, then I think you are violating Rule 9011." We agree. The Bankruptcy Court did not clearly err in concluding that Stephens violated Rule 9011(b)(2) and (3).

### *The Sanctions Award*

Having found that Stephens violated Rule 9011(b), the Bankruptcy Court then turned to the question of whether to award attorneys' fees and impose sanctions.

As the Court said, Rule 9011 contains two references to attorney fees and costs – subsections (c)(1)(A) and (c)(2). First, Rule 9011(c)(1)(A) provides that once the court rules that Rule 9011(b) has been violated, then "[i]f warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorneys' fees incurred in presenting or opposing the motion."[28] "Attorney's fees awarded under Rule 9011(c)(1)(A) are characterized in terms of the prevailing party. These are fees incurred in presenting or opposing a motion for sanctions and are awarded 'if warranted.'"[29] A fee award under Rule 9011(c)(1)(A) is not a sanction.[30]

Second, as the Bankruptcy Court said, Rule 9011(c)(2) contains a separate reference to attorney's fees in the context of sanctions:

---

[28] Fed. R. Bankr. P. 9011(c)(1)(A).

[29] *Cox v. Swiss-American, Inc.* (*In re Affiliated Foods Southwest, Inc.*), 472 B.R. 538, 550 (Bankr. E.D. Ark. 2012).

[30] *Id*.

17

A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, and order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred a s a direct result of the violation.[31]

"This second reference to attorney's fees is solely in the context of sanctions. Before a court may impose sanctions, certain conditions must be met under both sections (c)(1)(A) and (c)(2)."[32] "Under section (c)(2), which concerns an award of attorney's fees or other expenses in the context of *sanctions*, there are requirements of: (1) 'on motion'; (2) 'and warranted'; (3) 'for effective deterrence'; and (4) 'incurred as a direct result of the violation.'"[33]

Thus, each attorney's fee section serves a different purpose. One section is a prevailing party award "if warranted" for fees incurred in presenting or opposing the motion for Rule 9011 sanctions. The other section is a sanction itself that, prior to imposition, must comply with the procedural safeguards set forth in Rule 9011 and is limited to the fees and expenses incurred as a direct result of the violation, *i.e.*, the offensive pleading.[34]

As to Rule 9011(c)(1)(A), the Bankruptcy Court held that fees were warranted in the amount of $19,813 in favor of the Trustee, as the prevailing party.

---

[31] Fed. R. Bankr. P. 9011(c)(2).

[32] *Cox v. Swiss-American*, 472 B.R. at 550.

[33] *Id* at 551 (citing Fed. R. Bankr. P. 9011(c)(2); emphasis in original).

[34] *Id.*

18

Stephens first asserts that the Bankruptcy Court erred in making this award because it was Streetman, and not the Trustee, who was the real party to the Rule 9011 Motion. The Bankruptcy Court acknowledged that some courts have held that attorneys appearing *pro se* cannot recover under Rule 9011(c)(2) because a party proceeding *pro se* cannot have incurred attorney's fees as an expense.[35] The Court further acknowledged that it had extended that reasoning to deny fee awards to *pro se* attorneys under Rule 9011(c)(1)(A) as well.[36] However, the Court concluded, that prohibition did not apply in this case because Streetman (and his partner, Gibson), were not acting *pro se*, but instead had been appointed by the Court as counsel to the Trustee. Stephens asserts this conclusion was error.

We disagree. The Rule 9011 Motion was filed by the Trustee, not Streetman. Although the Rule 60 Motion focused on actions taken by Streetman and the other lawyers in the case, and Streetman therefore was called upon to defend his reputation, he was nevertheless acting as the Trustee's attorney at all stages of the litigation. The allegations Stephens made related to actions Streetman took while so acting as the Trustee's attorney. As the Bankruptcy Court held, making unfounded allegations against the opposing party's attorney, thus requiring him to defend against them "do[es] not magically transform an attorney into a party or movant." And, if the Trustee had not prevailed in the Rule 9011 Motion, the Debtor's estate would have been liable to the Trustee for the fees he incurred prosecuting it.

---

[35] *See, e.g., Massengale v. Ray*, 267 F.3d 1298, 1250 (11th Cir. 2001).

[36] *See Cox v. Swiss-American*, 472 B.R. at 559.

19

The cases Stephens cites are inapposite. In both *Reynolds v. East Dyer Development Co.*,[37] and *Detabali v. St. Luke's Hospital*,[38] it was the attorneys *against whom Rule 11 sanctions were awarded* who was held to be the real party in interest for purposes of appealing the sanctions order, because *a judgment* had been entered against the attorney personally.[39] That is not the case here: Although Streetman's conduct was a subject of Stephens' Rule 60 Motion, he was never exposed to having a judgment entered against him by virtue of the Rule 60 Motion. Streetman is, simply, not a party in this action.

Finally, Stephens asserts that the Bankruptcy Court erred awarding the amount it did, by failing to consider his ability to pay in making the award. However, the $19,813 in attorney fees was awarded under Rule 9011(c)(1)(A), which, as stated, is not a sanction provision.[40] Rather, an award under (c)(1)(A) is more properly characterized as a fee-shifting provision,[41] which the Court has the discretion to award. As the Bankruptcy Court held, ability to pay is not relevant under Rule 9011(c)(1)(A). Further, the Court appropriately considered the lodestar

---

[37] 882 F.2d 1249 (7th Cir. 1989).

[38] 482 F.3d 1199 (9th Cir. 2007).

[39] *See also In re Crofford*, 301 B.R. at 883 n.3 (noting that the Debtor's counsel, who was the *target* of the sanctions, was the true party-in-interest to the appeal).

[40] *Cox v. Swiss-American*, 472 B.R. at 550.

[41] *Id.*

analysis to determine that the fees were reasonable.[42]   We find no error in that analysis.

The award of $1,659.10 under Rule 9011(c)(2) was a sanction.   The Bankruptcy Court essentially awarded the Trustee the fees she incurred in responding to the Rule 60 Motion, as a deterrent against repetition of the offending conduct.   Ability to pay may be a factor under this sanctions provision, but Stephens had the burden of producing such evidence.[43]   The only statement he offered relating to his ability to pay was that he, himself, was in a Chapter 7 bankruptcy case.  However, as the Trustee points out, his Chapter 7 case was filed in 2010 and is not an indication of his present ability to pay.  The Bankruptcy Court acknowledged the ability to pay argument and did not err in finding that it lacked sufficient evidentiary support.

**CONCLUSION**

For the foregoing reasons, the Order of the Bankruptcy Court denying David Kimbro Stephens' Motion for Reconsideration of the Court's Memorandum Opinion and Judgment ordering sanctions against him under Federal Rule of Bankruptcy Procedure 9011 is AFFIRMED.

---

[42]    *Id*. at 557 ("In the Eighth Circuit, the lodestar approach is generally used to calculate reasonable attorney's fees.").

[43]    *Gaskell v. Canatella*, 10 F.3d 626, 629 (9th Cir. 1993).

21