# United States Bankruptcy Appellate Panel
## For the Eighth Circuit

_____

No. 16-6020

_____

In re: Dan Lee, Sr.

*Debtor*

------------------------------

Dan Lee, Sr.

*Debtor - Appellant*

v.

D. Matthew Edwards[1]

*Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: October 21, 2016
Filed: November 15, 2016

_____

Before FEDERMAN, Chief Judge, KRESSEL and SHODEEN, Bankruptcy
Judges.

KRESSEL, Bankruptcy Judge

---

[1] Edwards is a nominal Appellee only. He did not participate in the proceeding
below or on appeal.

Dan Lee Sr. appeals from an order of the bankruptcy court[2] denying his third motion to reconsider the order dismissing his chapter 7 case. We affirm.

## BACKGROUND

On April 26, 2016, Lee filed a petition under Chapter 7 of the United States Bankruptcy Code. On his bankruptcy petition, Lee checked a box certifying that he had requested credit counseling services from an approved agency, but was unable to obtain those services during the seven days after the request, and exigent circumstances merited a 30-day temporary waiver of the request. He did not file the required statement setting forth the exigent circumstances. Inconsistently, Lee also attached Exhibit D to his bankruptcy petition stating that within the 180 days before the filing of his bankruptcy case, he had received a briefing from credit counseling agency, but did not have a certificate from the agency.

Later on April 26, 2016, the bankruptcy court entered an Order and Notice of Documents Due, notifying Lee that certain documents were missing and due within 14 days.[3] The order also notified him that failure to timely file the documents or file a written request for an extension of time within the 14-day period would result in the dismissal of his case.

On April 27, 2016, Lee filed some but not all of the required Schedules and a Statement of Affairs. He failed to file the credit counseling certificate or a certificate of exigent circumstances.

On May 11, 2016, fifteen days after the April 26 order the court entered an Order and Notice of Dismissal of the case for failure to file required Schedules, Statement of Affairs and Credit Counseling Certificate indicating compliance, a

---

[2] The Honorable Barry S. Schermer, United States Bankruptcy Judge for The Eastern District of Missouri

[3] The Notice and Order did not set the deadlines. The deadlines are all set by the Federal Rules of Bankruptcy Practice.

certificate of exigent circumstances or a motion for exemption from credit counseling under 109(h)(4). On the same day, after the dismissal, Lee filed what was titled "certificate of exigent circumstances that merit a waiver from complying with the credit counseling requirement." However, the document filed by Lee was merely a duplicate Exhibit D filed previously, adding a hand-written statement that his "credit card was compromised and wiped [me] out financially (listed in filings) no money to pay for counseling till after 5/3/2016. Now waiting for appointment."

On May 18, 2016, Lee filed a "Motion to Reinstate Case and Motion to Vacate," asking the court to reconsider his pleadings and reinstate his case. Lee had still not filed all the required Schedules, statements or certificates. On May 19, 2016, the court denied his motion.

On May 27, 2016, Lee filed a letter, which the bankruptcy court treated as a second motion, asking the court to reinstate his case because he did not have sufficient time to gather the required documents because of library hours. He also attached unsigned Schedules G and H. On the same day, the court entered an order denying the second motion because it was untimely and his schedules G and H were not signed. The court also denied Lee's request to waive the credit counseling requirement because he failed to present exigent circumstances.

On June 7, 2016, Lee filed a document titled Personal Financial Management Course Certificate, stating that he completed a course on personal financial management on June 6, 2016. On June 10, 2016, he filed signed Schedules G and H. On June 13, 2016, he filed a Certificate of Credit Counseling stating that he received credit counseling on June 8, 2016.

On June 16, 2016, Lee filed his third motion to "Reconsider and Reinstate Case," asking the court to reconsider the court's decision on May 27, 2016 because he stated that he satisfied the required filings. On the same day, the court entered an order denying his motion because there were no new issues presented and the certificate of credit counseling from June 13, 2016 did not cure his eligibility

problem.   On June 24, 2016, Lee filed this Notice of Appeal, appealing the June 16, 2016 order. He does not appeal the May 11, 2016 order dismissing his case.

## ANALYSIS

*Jurisdiction*

We have an independent duty to examine our own jurisdiction. *Nebraska v. Strong (In re Strong),* 305 B.R. 292, 295 (B.A.P. 8th Cir. 2004) (*citing Weihs v. Kenkel (In re Weihs),* 229 B.R. 187, 189 (B.A.P. 8th Cir. 1999)).

Lee appeals only from the bankruptcy court's order denying his third motion to reconsider filed on June 16, 2016.

Lee filed three different motions to "reconsider" or to "reinstate his case." There are no such motions in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure or the Bankruptcy Code.  We could consider  Lee's first motion as a motion to alter or amend the judgment pursuant to Rule 52, a motion for a new trial under Rule 59 or a motion for relief from a judgment under Rule 60(b), incorporated by FRBP 7052, 9023 and 9024 respectively. He had fourteen days under Rule 52 and Rule 59 to file such motions. He had a reasonable time under Rule 60 to file a motion under that Rule.

Lee filed his first motion on May 18, seven days after the court dismissed his case. This motion was filed timely under all three rules and tolled the period to appeal. Fed. R. Bankr. P. 8002(b). The court entered an order denying his motion on May 19. He did not appeal from this order or the May 11 dismissal order.

Lee filed his second motion on May 27, sixteen days after the court dismissed his case. The bankruptcy court held that his second motion was untimely and denied it. The motion was filed outside the 14-day window for Rule 52 and Rule 59 motions. The bankruptcy court did not consider it timely under Rule 60. Lee did not appeal from this order.

4

Lee filed his third motion on June 16, thirty-six days after the court dismissed his case. Again, under Rule 52 and Rule 59, his third motion was filed after more than 14 days after the court's order dismissing his case and was untimely. The only possible relief available to Lee at this point, was under Rule 60(b). On June 16, the bankruptcy court denied the third motion as untimely and without merit.

Lee filed his notice of appeal on June 24, 2016, appealing the court's June 16 order. In his notice of appeal, he states four grounds for reversal: impropriety, violation of Rule 2, violation of separation of powers, and bias and prejudice.

*Impropriety*

We interpret "impropriety" to mean that the bankruptcy court erred in denying his third motion.

We review the bankruptcy court's decision denying relief under Rule 52, 59 or Rule 60, for an abuse of discretion. *Murphy v. O'Donnell (In re Murphy),* 474 F.3d 143, 149 (4th Cir.2007); *Storey v. Pees (In re Storey),* 392 B.R. 266, 268 (B.A.P. 6th Cir. 2008). The bankruptcy court abuses its discretion when it fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous. *In re Johnson*, 458 B.R. 745, 747–48 (B.A.P. 8th Cir. 2011) (Citing *Stalnaker v. DLC, Ltd.,* 376 F.3d 819, 825 (8th Cir.2004)).

The court's denial of the third motion was proper because, as the bankruptcy court determined, the motion was not filed timely and Lee failed to demonstrate cause.

*Rule 2*

Lee also mentions violations of Rule 2 as ground for reversal. In his brief, he never mentions what Rule 2 he is talking about or how it applies to his appeal, nor could we identify one that would apply to this situation.

*Separation of Powers*

Likewise, Lee never mentions how the doctrine of separation of powers applies to his situation and we cannot think of how it would.

*Bias and Prejudice*

Lee alleges bias and prejudice. However, he points to nothing in the record upon which any such claim could be based. This appeal is also the first time Lee raised the issue of bias or prejudice.

According to 28 U.S.C. §455(b)(1), a judge of the United States shall disqualify himself where he or she has a personal bias or prejudice concerning a party. Judicial impartiality is presumed. *Moix-McNutt v. Coop* (*In re Moix-McNutt*), 215 B.R. 405, 409 (B.A.P. 8th Cir. 1997) (quoting *Ouachita Nat. Bank v. Tosco Corp.,* 686 F.2d 1291, 1300 (8th Cir.1982). Therefore, a party seeking recusal bears a heavy burden. *Id*. Lee must show that the bankruptcy judge displayed a "deep seated favoritism or antagonism, making fair judgment impossible." *American Constr. Co. v. Hoich*, 594 F.3d 1015, 1022 (8th Cir. 2010) (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006). We do not find any evidence of bias or prejudice. Certainly, adverse rulings alone are not evidence of bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

*The Mailbox Rule*

Additionally, Lee refers to the Mailbox Rule in his brief. We assume this is a reference to the Fed. R. Bankr. P. 8002(c). The Mailbox Rule is reserved for an inmate confined in an institution. Rule 8002(c), *See e.g. In re Bourgeois* 488 B.R. at 626, *Dudley v. Powers* (*In re Dudley*) 273 B.R. 197, 198 (B.A.P. 8th Cir. 2002). Lee is not an inmate confined in an institution. Therefore the Mailbox Rule is of no avail to him. *Id*.

**CONCLUSION**

Although, Lee argues in his brief that the dismissal order was erroneous, he failed to file a timely notice of appeal from that order and we lack jurisdiction to review it. The bankruptcy court did not abuse its discretion when it denied his third motion for reconsideration. Accordingly, we affirm.

_____