# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 20-6024

_____

In re: Donald Henderson Scott; Carolyn Yvonne Scott

*Debtor*s

------------------------------

Donald Henderson Scott; Carolyn Yvonne Scott

*Debtors - Appellants*

v.

Julie Anderson, counsel for Mila Homes, LLC

*Creditor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 15, 2021
Filed: April 16, 2021

_____

Before NAIL, Chief Judge, SCHERMER and SALADINO, Bankruptcy Judges.

_____

SCHERMER, Bankruptcy Judge

Donald Henderson Scott and Carolyn Yvonne Scott (Debtors) appeal the bankruptcy court's[1] orders denying the Debtors' motions: (1) for sanctions against Julie Anderson; (2) to alter or amend the order denying the request for sanctions and for additional findings of fact and conclusions of law; and (3) seeking to disqualify the bankruptcy judge. We have jurisdiction over this appeal from the final orders of the bankruptcy court. *See* 28 U.S.C. §158(b).[2] For the reasons stated, we affirm.

We also consider three motions filed in this appeal, Debtors' two motions asking us to take judicial notice and Ms. Anderson's motion for appellate sanctions. We deny the Debtors' requests for judicial notice and award Ms. Anderson $3,000 in sanctions from the Debtors.

## ISSUES

The Debtors filed briefs on appeal listing seventeen items they designate as issues. Before filing their opening brief, the Debtors filed a separate statement listing twenty items they designate as issues on appeal. The multitude of issues listed by the Debtors can be distilled to three. The first two are whether the bankruptcy court erred when it failed to impose sanctions against Ms. Anderson under Federal Rule of Bankruptcy Procedure 9011 and denied the Debtors' requests for additional findings of fact and conclusions of law and to alter or amend that ruling. The third issue is whether the bankruptcy judge improperly refused to disqualify himself. We see no error in the bankruptcy court's decisions.

---

[1] The Honorable Brian T. Fenimore, Chief Judge, United States Bankruptcy Court for the Western District of Missouri.

[2] To the extent the disqualification order is not final, we grant the Debtors leave to appeal.

## BACKGROUND

The Debtors complain of matters stemming from the 2018 foreclosure sale of their home. Mila Homes, LLC (Mila), represented by its counsel, Ms. Anderson, purchased the property at the foreclosure sale.[3]

Mila filed an unlawful detainer action in Missouri state court in which it named John Doe and Jane Doe as defendants. The Debtors filed a motion to intervene in the unlawful detainer action, but they failed to appear at a hearing on their motion. The court entered a final unlawful detainer judgment against John Doe and Jane Doe, awarding possession of the home to Mila. Once the unlawful detainer judgment became final, Mila obtained a writ of restitution of the premises. Although the Debtors filed an appeal, there was no stay of execution for restitution. The Sheriff served the writ of restitution and a notice of eviction by leaving a copy with Mr. Scott. Service of the writ gave the Debtors notice that if they did not vacate the home within five days, the Sheriff's department would give possession of the home to Mila.

On October 16, 2018, the sixth day after the Sheriff served the writ, the Debtors filed their Chapter 13 bankruptcy petition. Hours after the bankruptcy filing, the Sheriff executed on the writ and changed the locks to the Debtors' home. Mila promptly filed a motion asking the bankruptcy court to confirm the absence of the automatic stay and for relief from the automatic stay (Mila's Stay Motion). The Debtors filed an emergency motion for violation of the automatic stay, asking the court to determine damages for a willful stay violation and restore possession of the premises to them.

After conducting hearings, the bankruptcy court denied the Debtors' emergency motion. The Debtors did not have a legal, equitable, or possessory

---

[3] The Debtors engaged in litigation challenging the foreclosure sale seeking relief such as quiet title to the property and asserting the nonexistence of a loan default.

3

interest in the home on the bankruptcy petition date.[4]  Although it appeared the automatic stay did not apply, the court granted Mila relief from any stay to the extent necessary to allow Mila to possess the premises.  The court also granted Mila relief from the stay to remove the Debtors' personal property.  The district court affirmed. The Eighth Circuit Court of Appeals dismissed the Debtors' appeal for failure to prosecute.

In June 2020, the Missouri Court of Appeals entered its decision in the Debtors' appeal of the unlawful detainer judgment.  In fall 2020, two years after the filing of the Mila Stay Motion, the Debtors filed their Federal Rule of Bankruptcy Procedure 9011 motion (Bankruptcy Sanctions Motion) against Julie Anderson alleging statements made in the Mila Stay Motion were sanctionable.  Ms. Anderson filed a document in response.  Over the Debtors' objection, the bankruptcy court treated Ms. Anderson's filing as a response to the Bankruptcy Sanctions Motion and denied the relief requested in the Bankruptcy Sanctions Motion (Bankruptcy Sanctions Order).

After the bankruptcy court entered the Bankruptcy Sanctions Order, the Debtors filed two motions, one for additional findings of fact and conclusions of law and one to alter or amend the judgment (Post-Decision Motions).  The Debtors also filed their <u>fifth</u> motion seeking the bankruptcy judge's disqualification (Disqualification Motion).  The bankruptcy court denied the Post-Decision Motions in one order (Post-Decision Order) and the Disqualification Motion in a separate order (Disqualification Order).  The Debtors appeal the Bankruptcy Sanctions Order, Post-Decision Order and Disqualification Order.

Lastly, the Debtors filed two motions in this appeal asking us to take judicial notice.  Ms. Anderson filed a motion seeking appellate sanctions against the Debtors,

---

[4] The court denied Mila's request for a comfort order that the stay did not apply, but that request was moot because of its ruling on the Debtors' emergency motion.

to which the Debtors filed a response.  We entered orders that all three motions would be taken with this case for consideration by us with the merits.

## STANDARD OF REVIEW

"We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo." *Young v. Young (In re Young),* 789 F.3d 872, 879 (8th Cir. 2015).  The decision whether to impose Federal Rule of Bankruptcy Procedure 9011 sanctions is reviewed for an abuse of discretion.  *Id.*  "We review the bankruptcy court's decision denying relief under Rule 52, 59 or Rule 60, for an abuse of discretion."  *Lee v. Edwards (In re Lee),* 561 B.R. 93, 96 (B.A.P. 8th Cir. 2016), *aff'd,* 698 Fed. Appx. 311 (8th Cir. 2017).  "We review the lower courts' decisions on recusal for abuse of discretion."  *Walton v. Steward (In re Steward),* 828 F.3d 672, 681 (8th Cir. 2016).

## DISCUSSION

We address separately each of the bankruptcy court's orders.  We then rule on the three motions filed in this appeal.

### Appeal of bankruptcy court's rulings
#### Bankruptcy Sanctions Order

The Debtors based their Bankruptcy Sanctions Motion on statements made by Ms. Anderson on behalf of Mila in the Mila Stay Motion.  Pursuant to Federal Rule of Bankruptcy Procedure 9011(b), an attorney presenting a paper to the court makes certifications.  The attorney:

> (b) . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the

5

extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. BANKR. P. 9011(b)(1)-(4). If after notice and a reasonable opportunity to respond, the court determines that section (b) was violated, the court "may," subject to conditions in Rule 9011, impose a sanction. FED. R. BANKR. P. 9011(c). An objective standard of reasonableness under the circumstances is used to determine a Rule 9011violation. *Williams v. Living Hope S.E., LLC (In re Living Hope S.W. Med. Servs., LLC),* 525 B.R. 95, 104 (B.A.P. 8th Cir. 2015). "The focus in the Rule 11 context should be on the plausibility of the allegations and argument at the pleading stage." *Id.*; *Briggs v. LaBarge (In re Phillips),* 317 B.R. 518,522 (B.A.P. 8th Cir. 2004), *aff'd in part,* 433 F.3d 1068 ("The proper standard for determining sanctions pursuant to Rule 9011 is whether the actions were objectively reasonable at the time they were taken.").

We see no error by the bankruptcy court when it denied the Debtors' sanctions request. The court provided the Debtors with a hearing, listened patiently to their arguments, read methodically through the Bankruptcy Sanctions Motion, and addressed in detail why nothing in the Mila Stay Motion violated Rule 9011.

The Debtors asked the bankruptcy court to take judicial notice of excerpts from the 2020 Missouri Court of Appeals decision so that the bankruptcy court could tailor its sanctions ruling to the Debtors' interpretation of that decision. They believe the bankruptcy court was required to take judicial notice and its refusal to do so was improper. We see no error in the bankruptcy court's refusal to take judicial notice on the basis that the Debtors did not provide a complete copy of the decision to the court and failed to otherwise provide "necessary information" to give meaning to the

excerpts they cited. FED. R. EVID. 201(c)(2) ("[T]he court. . . must take judicial notice if a party requests it and the court is supplied with the necessary information.").

According to the Debtors, the 2020 Missouri Court of Appeals decision contains language rendering the unlawful detainer judgment a nullity and void and the statements made by Ms. Anderson as Mila's counsel in the 2018 Mila Stay Motion sanctionable. They believe Ms. Anderson should have withdrawn or amended the Mila Stay Motion two years after she filed it and that the bankruptcy court should have vacated its orders on the Mila Stay Motion and the Debtors' emergency stay motion. We agree with the bankruptcy court that the posture of the state court litigation was irrelevant to the Rule 9011 decision since the relevant time for assessing sanctions was when Ms. Anderson filed and prosecuted the Mila Stay Motion.

The bankruptcy court appropriately found there was no evidence the Mila Stay Motion was made for an improper purpose in violation of Rule 9011(b)(1). Mila sought to resolve in court the parties' disagreement about the applicability of the automatic stay. The record also supports the bankruptcy court's determination that the Mila Stay Motion could not have been filed to unnecessarily delay or needlessly increase the cost of litigation. This is especially true where the motion was filed within one week of the Debtors' Chapter 13 bankruptcy petition and one day after the Debtors filed their bankruptcy schedules.

The decision that Ms. Anderson did not violate Rule 9011(b)(2) was also appropriate. The only issue before the bankruptcy court on the Rule 9011 motion was whether Ms. Anderson's position that the automatic stay did not apply to the eviction process was warranted by existing law or a non-frivolous argument for the extension, modification, or reversal of existing law or establishment of new law. Ms. Anderson cited to a case from the Ninth Circuit with similar facts to support her position, that the automatic stay did not apply. The bankruptcy court agreed with Ms. Anderson's position and the district court affirmed. The bankruptcy court also

7

specifically addressed the Debtors' argument that Ms. Anderson made a misstatement in the Mila Stay Motion by calling the unlawful detainer judgment an *in rem* judgment. Like the bankruptcy court, based on the record we see no misstatement.

With respect to Rule 9011(b)(3), whether the allegations had or were likely to have evidentiary support, the bankruptcy court properly decided there was no violation. We agree with the bankruptcy court that the important fact was that the state court entered judgment awarding possession of the premises to Mila. The Debtors believe the bankruptcy court should have imposed sanctions based on the statement made in Mila's Stay Motion that the Debtors' motion to intervene in the unlawful detainer action was denied. The record before the bankruptcy court did not support such a determination. The Debtors also argue the statement in the Mila Stay Motion that Mila filed its unlawful detainer petition against "John Doe and Jane Doe (occupants of the Premises)" was sanctionable. Mila Stay Motion ¶ 7. They interpret this to be an allegation that John Doe and Jane Doe were the actual occupants. The bankruptcy court properly treated the statement as one simply indicating how Mila plead the matter in state court.

As the bankruptcy court stated, there were no denials of factual contentions to consider under Rule 9011(b)(4). We see no error with the court's decision that to the extent there were any denials of factual contention, they were warranted on the evidence submitted to the court.

The Debtors made no other argument to show a Rule 9011(b) violation. We also see no abuse of the bankruptcy court's discretion when it declined to impose sanctions even if a Rule 9011 violation was found.

### Post-Decision Order

To the extent the Debtors intend their arguments to address the Post-Decision Order, we see no bankruptcy court error. Since the Debtors relied in their Post-Decision Motions on an inapplicable rule, the bankruptcy court appropriately

analyzed the motions under Federal Rules of Civil Procedure 59(e) and 52(b) (made applicable by Federal Rules of Bankruptcy Procedure 9014, 9023, and 7052). *See Barger v. Hayes County Non-Stock Co-op (In re Barger),* 219 B.R. 238, 244 (B.A.P. 8th Cir. 1998) ("When a moving party fails to specify the rule under which it makes a post-judgment motion, the characterization is left to the court . . . .").

The Debtors want a change to the ruling on the Bankruptcy Sanctions Motion because they did not like the result. The record supports the bankruptcy court's decision that the Debtors showed no manifest error of law, erroneous findings of fact, newly discovered evidence, intervening change in controlling law, or need to prevent manifest injustice. *See SHF Holdings, LLC v. Allamakee County (In re Agriprocessors, Inc.),* 474 B.R. 896, 900 (Bankr. N.D. Iowa 2012) ("Like Rule 52(b) motions, Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence."); *Lewis v. Navient Sols., Inc.,* No. 13-00826, 2015 WL 10936763, at *1 (W.D. Mo. May 13, 2015) ("intervening change in controlling law" and "the need to . . . . prevent manifest injustice"), *aff'd*, 618 F. App'x 301 (8th Cir. 2015).

### Disqualification Order

The bankruptcy court acted within its discretion by denying the Debtors' <u>fifth</u> motion seeking disqualification or recusal of the bankruptcy judge.

Pursuant to 28 U.S.C. §455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *In re Steward,* 828 F.3d at 682 (quotations and citation omitted). "Section 455(a) sets forth an objective standard for assessing a judge's duty to recuse; the question is 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.' " *United States v. Melton,* 738 F.3d 903, 905 (8th Cir. 2013) (quotations and citations omitted). The party seeking recusal must show "that the

9

judge had a disposition so extreme as to display clear inability to render fair judgment." *Id.* (quotations and citations omitted).

The Debtors' newest motion, like the four previous motions they incorporated into their fifth motion, shows frustration with the bankruptcy judge's rulings. On appeal the Debtors make general reference to their four previous motions and only make specific arguments about conduct of the judge related to the Bankruptcy Sanctions Motion.[5] The Debtors allege improper acts by the judge, including challenging the Debtors' theories and arguments, questioning them at hearings, the way of conducting its legal analysis, and deciding to not take judicial notice of excerpts from the June 2020 Missouri Court of Appeals decision. Like the Debtors' previous motions, the Debtors filed their fifth motion after the bankruptcy court made a ruling unfavorable to them. The Debtors' dissatisfaction with the denial of their Bankruptcy Sanctions Motion is not grounds for disqualification. "[A]dverse rulings alone are not evidence of bias." *In re Lee,* 561 B.R. at 96 (citing *Liteky v. U.S.,* 510 U.S. 540, 555 (1994)).

In their <u>fifth</u> motion to disqualify and in this appeal, the Debtors complain (for the third time) about alleged *ex parte* conduct of the bankruptcy court. Their newest allegation concerns communications on October 26, 2020 between Ms. Anderson's assistant and the judge during which the assistant asked for clarification about whether the hearing scheduled on the Bankruptcy Sanctions Motion was to occur telephonically and requesting permission for counsel to appear by telephone.[6] During the COVID-19 pandemic, the judge's office was not staffed, and he innocently answered the telephone not knowing the identity of the caller. The judge provided to the assistant the publicly available dial-in information. He promptly

---

[5] The Debtors abandoned any argument challenging the bankruptcy judge's failure to recuse himself based on allegations incorporated from their four prior motions. Regardless, we see no error with the bankruptcy court's denial of the fifth motion based on allegations incorporated from the first four disqualification motions.

[6] The Debtor made no argument on appeal specifically identifying other allegedly improper *ex parte* communications.

informed all parties at the October 26 hearing of his communications. In response to Mr. Scott's objection to Ms. Anderson's telephonic appearance and with the consent of all parties, the judge rescheduled the hearing.

We see no impropriety in the judge's communications, which concerned only scheduling and administrative matters. As the bankruptcy court recognized, Cannon 3 of the Code of Conduct for United States Judges, which generally prohibits substantive *ex parte* communications, permits *ex parte* communications when required under the circumstances if the communication is "for scheduling, administrative, or emergency purposes, but only if the *ex parte* communication does not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the *ex parte* communication." Code of Conduct for United States Judges, Canon 3(A)(4)(b).

## Motions filed in appeal
### Judicial notice motions
Having failed to convince the bankruptcy court to take judicial notice of excerpts from the 2020 Missouri Court of Appeals decision, the Debtors now provide the opinion to us and ask us to take judicial notice of the excerpts, presumably so we could use them to reverse the bankruptcy court's decision. *See* FED. R. EVID. 201(d) ("The court may take judicial notice at any stage of the proceeding."). In a separate motion, the Debtors ask us to take judicial notice of the contents of the transcript of the September 2018 proceedings in the state court unlawful detainer action.

We question whether the matters for which the Debtors asks us to take judicial notice are the kind of adjudicative facts subject to judicial notice in the first instance. And, taking judicial notice as requested by the Debtors would not change the outcome of this appeal. Regardless, we will not take judicial notice because the 2020

11

decision and 2018 transcript were not part of the record before the bankruptcy court.[7] *Minnesota Fed'n of Teachers v. Randall*, 891 F.2d 1354, 1360 n. 9 (8th Cir. 1989) (cited in *Moss v. Block (In re Moss)*, 289 F.3d 540 542 (8th Cir. 2002)) ("Even though the Eighth Circuit, in *Gustafson v. Cornelius Co*., 724 F.2d 75, 79 (8th Cir.1983), has authorized judicial notice of a fact for the first time on appeal," the court believed "the better reasoned rule" is that a circuit court will consider on appeal only the record before the trial court)). We will not undermine the trial court's factfinding authority. *See U.S. v. Jones*, 574 F.4d 546, 551 n.2 (8th Cir. 2009) (citations and quotations omitted) ("Judicial notice may be taken at any stage of the proceeding, including on appeal, as long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority.").

## **Motion for appellate sanctions**

Federal Rule of Bankruptcy Procedure 8020(a) states that "[i]f the . . . BAP determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." FED. R. BANKR. P. 8020(a). "An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." *Tina Livestock Sales, Inc. v. Schachtele (In re Schachtele),* 343 B.R. 661, 666 (B.A.P. 8th Cir. 2006) (quoting *Newhouse v. McCormick & Co., Inc.,* 130 F.3d 302, 305 (8th Cir. 1997)). "We need not find that the appellant acted in bad faith in order to find an appeal to be frivolous." *Id.*

The Debtors' appeal is frivolous.[8] Their arguments, many of which evidence a fundamental misunderstanding of the law, lack merit. And the Debtors ignored warnings by the bankruptcy court that their contentions lack evidentiary support. In fact, after the court explained the relevant time for consideration of the Bankruptcy Sanctions Motion was when Ms. Anderson filed and prosecuted the Mila Stay Motion, the Debtors based arguments in this appeal on the 2020 Missouri Court of

---

[7] We do not consider documents submitted by any party that were not part of the bankruptcy court's record.

[8] There is no question the separate procedural requirement was met.

Appeals opinion. By this point in these protracted proceedings, the results of this appeal should be obvious to the Debtors.

Many of the Debtors' contentions wasted resources. For example, the Debtors continue to argue on appeal they should have been entitled to a default ruling on their Bankruptcy Sanctions Motion because the document filed by Ms. Anderson was not titled as a response. The document filed by Ms. Anderson specifically addressed the Bankruptcy Sanctions Motion and was clearly a response.

The lack of merit to the Debtors' arguments is further evidenced by the relief sought in their Bankruptcy Sanctions Motion. The Debtors effectively sought reversal of the bankruptcy court's 2018 orders concerning the automatic stay, which orders were final years ago and for which the Debtors exhausted their appeals. *See Arleaux v. Arleaux (In re Arleaux),* 229 B.R. 182, 186 (B.A.P. 8th Cir 1999) (Must be obvious to intelligent *pro se* party that "that once you have litigated and lost, you are not entitled to make the same claim again."). The bankruptcy court held hearings on the stay matters and the Bankruptcy Sanctions Motion and explained clearly why the Debtors were not entitled to relief. It denied their Post-Decision Motions. But the Debtors continued to pursue this appeal.

The bankruptcy court stressed to the Debtors the seriousness of alleging sanctions against Ms. Anderson. In this appeal the Debtors do not directly address the bankruptcy court's thorough analysis of why the record did not support a sanctions award. Instead, they continue to allege wrongdoing by Ms. Anderson without a basis to do so.

This appeal is another part of the Debtors' campaign against anyone connected to the loss of their home. For example, they attack the integrity of the bankruptcy judge by their appeal of the Disqualification Order and by repeating in this appeal their allegations of the bankruptcy judge's misconduct. But the record shows extensive proceedings by the bankruptcy court citing law that solidly supports its ruling and stating why its conduct was appropriate. The bankruptcy court's

13

docket shows other parts of the Debtors' unsuccessful pattern of attacking anyone connected to their foreclosure and eviction, which even included efforts to remove the Chapter 13 trustee.

Due to the frivolousness of this appeal, we award sanctions to Ms. Anderson and against the Debtors in the amount of $3,000.[9]  This amount is modest yet sufficient to deter future misconduct.

**Debtors' additional requests or arguments**

Any requests or arguments of the Debtors in this appeal that were not specifically addressed by us lack merit and are denied.

## CONCLUSION

For the reasons stated, we affirm the bankruptcy court's orders denying the Bankruptcy Sanctions Motion, Post-Decision Motions, and Disqualification Motion. We deny the Debtors' motions filed in this appeal asking us to take judicial notice. We grant Ms. Anderson's motion for appellate sanctions in that Ms. Anderson is awarded sanctions from the Debtors in the amount of $3,000.

————————————————

---

[9] Ms. Anderson states this is a fraction of attorney's fees incurred by her law firm. Regardless of the time spent by counsel, a sanction of $3,000 fairly measures damages.  We decline Ms. Anderson's request for double costs.

14